[L. A. No. 2420. In Bank.—March 14, 1911.]

H. A. PIERCE et al., Respondents, v. CITY OF LOS AN-
GELES (a Municipal Corporation), et al., Appellants.

Injunction—Restraining Order after Judgment for Defendants
Pending New Trial—Jurisdiction of Superior Court.—After
judgment has been rendered in favor of defendants denying an in-
junction, and prior to an appeal being taken therefrom, the superior
court has jurisdiction, under section 681 of the Code of Civil Pro-
cedure, in the exercise of a wise discretion, and to preserve the
*status quo* of the matters embraced in the litigation, to make an
order restraining the defendants from performing the acts com-
plained of pending the determination of a motion for a new trial.

Id.—Injunction May Issue to Restrain Enforcement of Street
Assessment—Due Process of Law.—Section 526 of the Code of
Civil Procedure, providing that an injunction may not be granted
"to prevent the execution of a public statute by officers of law for
the public benefit," does not prevent the issuance of an injunction
to restrain the board of public works of the city of Los Angeles
from enforcing assessments levied for the condemnation of land for
street purposes, where such injunction was sought on the ground
that the proceedings leading up to the assessment had the effect to
deprive the plaintiffs of their property without due process of law.

APPEALS from an order of the Superior Court of Los
Angeles County enjoining the defendants from performing
certain acts pending a motion for a new trial, and from an
order refusing to dissolve such injunction. Curtis D. Wilbur,
Judge.

The facts are stated in the opinion of the court.

Leslie R. Hewitt, City Attorney, and Emmet H. Wilson,
Chief Deputy, for Appellants.

H. A. Pierce, and Ingall W. Bull, for Respondents.

MELVIN, J.—An appeal is taken from an order of the
superior court, made after judgment had been rendered in
favor of the defendants. By said order defendants were en-
joined from performing the acts complained of pending a
motion for a new trial. There is also an appeal from the
order refusing to dissolve this injunction. The one question

presented is whether or not the superior court has power to preserve the *status* of the litigants in this way after judgment and until the motion for a new trial is determined.

The action was by certain property-owners who prayed for an injunction restraining the city of Los Angeles and its board of public works from imposing any penalty for the failure of plaintiffs to pay certain assessments declared against their land for public improvements, or from doing any acts which would interfere with or constitute a cloud upon the title to the property in question. The findings and judgment were all in favor of the defendants and the restraining orders which had been in force during the pendency of the action up to the time of the rendering of judgment were dissolved. A few days later and after the serving and filing of notice of motion for new trial, the court, upon the affidavit and motion of one of the plaintiffs, issued the injunction which became the basis of these appeals.

A question very similar to the one here involved has been recently decided and the leading authorities have been cited and reviewed in the opinion in the case of the *City of Pasadena* v. *Superior Court,* 157 Cal. 786, [109 Pac. 620]. In that case was considered an order made concurrently with the rendition of judgment preserving the *status* of the parties litigant. In the case at bar several days elapsed between the rendition of judgment and the granting of the order. We must therefore consider the power of the superior court in the matter of the restraining order made after judgment. When this case was before the district court of appeal that court properly construed the order in question as a preservation of the *status* of the matters in litigation pending the determination of the motion for new trial. As we agree with the reasoning and conclusions reached, we adopt a portion of the opinion of the district court of appeal prepared by Mr. Presiding Justice Allen:—

"In support of the first proposition" (i. e., that the court had lost jurisdiction to issue the injunctional order) "this court is cited to *Stoddard* v. *Superior Court,* 108 Cal. 303, [41 Pac. 278], and *Spears* v. *Mathews,* 66 N. Y. 127, in each of which cases it is established that 'the court has no power, after judgment has been rendered against a plaintiff and pending an appeal therefrom, to grant an injunction in the same

action.' In this case, however, no appeal is shown to be pending; simply an application for a new trial, which is one of the steps recognized under our practice as preliminary to an appeal for certain purposes. It may well be conceded that after an appeal is perfected the trial court is thereby divested of jurisdiction to make any further order affecting or modifying the judgment appealed from, or to make orders the effect of which would be to stay proceedings connected therewith. And it may also be conceded that a court, having once determined the issues in a case and rendered a judgment based upon findings clearly showing that no right to an injunction exists, and by an appropriate order has dissolved a previous restraining order, could not in the same action, in the face of such findings and judgment, grant thereafter an injunctional order the effect of which could only be to revive a restraining order once dissolved and found by the court to have been improperly issued. But none of these things of necessity determines that the action of the court in this instance was erroneous. The name given an order does not necessarily determine its character. The all-controlling factor in determining such character is its effect. While the order herein granted and from which the appeal is taken is termed a 'temporary restraining order,' in effect it is but an order preserving the *status quo* of the matters embraced in the litigation pending the hearing of the motion for a new trial. Our supreme court in construing section 197 of the Practice Act, [Stats. 1851, c. 5], substantially re-enacted in section 664 of the Code of Civil Procedure, determined that under section 197 a motion for a new trial did not stay proceedings, but that the matter of such stay might be regulated by a rule of court, and, in the absence of a rule of court, a party desiring a stay of proceedings pending his motion for a new trial might obtain an order to that effect from the court, which the court has jurisdiction to grant unconditionally or upon terms, according to the circumstances of the case, the matter of such stay being wisely left to the sound discretion of the court. (*People* v. *Loucks*, 28 Cal. 70.) The authority of the court to grant a stay seems to be recognized by section 681 of the Code of Civil Procedure. This stay, which by its terms was until the further order of court, must be accepted as extending the stay only for such time as the superior court retained juris-

diction to vacate or modify the judgment. Whatever stay plaintiff would be entitled to have upon appeal must be controlled by the statutes providing for undertakings on appeal and the powers of the appellate court to make an order operating as a *supersedeas*. We think that pending proceedings leading up to such an appeal the trial court should have the power, in the exercise of a wise discretion, to maintain the *status* to the end that a party moving for a new trial might, in the event of its determination in his favor, be protected adequately and fully in his rights. To say that a trial court, pending a motion for a new trial upon the ground of newly discovered evidence—in which case often considerable time must elapse in order that affidavits may be prepared and presented and the application for a new trial properly heard— has no authority or jurisdiction to stay the hands of the parties until the determination of such motion, would often violate the principle that for every wrong there is a remedy, and would remove from the power of the trial court the right to fully correct any error which it might subsequently determine had been committed upon the first hearing."

We now come to the consideration of the second ground for reversal urged by appellants. They cite section 526 of the Code of Civil Procedure which provides that an injunction may not be granted "to prevent the execution of a public statute by officers of law for the public benefit," their contention being, of course, that public officers are immune from injunctive restraint while acting under a statute presumably for the public benefit. Proceedings of the kind which the court has restrained in this action are *in invitum* and the very essence of the litigation is whether or not the steps necessary to acquire jurisdiction were followed by the board of works of the city of Los Angeles in the condemnation of land for street purposes and the apportionment of costs therefor. While the statute is in a sense a public statute and the members of the board of works are public officers, the matters here involved are not the validity of the section of the code or the right of the public officers to act under it, but the court must ultimately determine the sufficiency or insufficiency of the *proceedings* by virtue of which the city and the board of works claim jurisdiction to assess costs of improvement and to do and perform the other acts contemplated by them. The

statute above cited cannot mean that a court of equity may not, in a case like this, stay the hands of these officers until it is determined finally and judicially whether or not they are seeking to deprive citizens of property without due process of law.

The orders are affirmed.

Henshaw, J., Lorigan, J., Shaw, J., Angellotti, J., and Sloss, J., concurred.