[Civ. No. 847.   Second Appellate District.—April 29, 1911.]

## FRANKLIN W. WAKEFIELD, Appellant, v. LENA H. WAKEFIELD, Respondent.

ACTION BY HUSBAND FOR CUSTODY OF CHILD—ISSUES—INTERLOCUTORY DIVORCE FOR WIFE ON CROSS-COMPLAINT—DEFAULT NOT ENTERED—APPEARANCE—ESTOPPEL.—In an action by the husband for the custody of a child as against a wife living apart from him, where issues were joined by the wife, and she obtained an interlocutory decree of divorce under an amended cross-complaint, to which no answer had been filed, and at the hearing both parties were represented by counsel, and the husband offered no proof under his complaint, nor against the amended cross-complaint, the plaintiff husband, under this state of facts, is not in a position to question the regularity of the interlocutory decree, on the ground that no formal entry of default was made against him before such decree was ordered.

ID.—PRESUMPTIONS FROM RECORD—NOTICE OF TRIAL—CONSENT OF PARTIES.—It must be assumed from the record as presented that notice of trial was regularly given, or that the cause was heard on the date mentioned by the consent of the parties.

ID.—JURISDICTION—ABSENCE OF NOTICE OF HEARING—FORMAL ENTRY OF DEFAULT NOT ESSENTIAL.—Even in cases of default, where no notice of hearing is given, it is not essential that a formal entry of default should first be made in order that the court shall have jurisdiction to enter judgment against a defaulting party.

ID.—PROPRIETY OF CROSS-COMPLAINT FOR DIVORCE IN ACTION FOR CUSTODY OF CHILD—ESTOPPEL OF HUSBAND.—Whether or not a cross-complaint for divorce by the wife is an appropriate proceeding in an action by the husband for the custody of a child is immaterial, for the reason that the plaintiff husband by his conduct has estopped himself from raising that question by failure to object either to the original or amended cross-complaint for divorce, or to proof of the cause of action for divorce stated in the amended cross-complaint.

ID.—PRAYER OF AMENDED CROSS-COMPLAINT.—Where the original cross-complaint was made part of the answer and prayed for an interlocutory decree of divorce, the prayer of the amended cross-complaint for judgment, as prayed for in her original answer and cross-complaint, was not objectionable.

ID.—PRAYER OF AMENDED CROSS-COMPLAINT NOT MATERIAL — APPEARANCE AND TRIAL.—The prayer of the amended cross-complaint in equity was not material, where both parties appeared and proceeded

16 Cal. App.—8

to trial in all respects as though an answer had been filed to the amended cross-complaint.

ID.—TIME FOR APPEAL FROM INTERLOCUTORY JUDGMENT — MOTION TO DISMISS DENIED.—Under the provisions of section 131 of the Civil Code, an appeal may be taken from an interlocutory judgment of divorce within six months after the entry of the decree, and where the record shows that that period had not elapsed when the notice of appeal was served, a motion to dismiss the appeal must be denied.

APPEAL from an interlocutory judgment of divorce of the Superior Court of San Diego County.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, and A. J. Treat, for Appellant.

Stearns & Sweet, for Respondent.

JAMES, J.—An appeal is taken by plaintiff from an interlocutory judgment of divorce entered in favor of defendant.  Plaintiff instituted this action for the purpose of obtaining the custody of one Franklin Webster Wakefield, Jr., and also prayed for an order giving him the right to visit Joseph Sefton Wakefield.  Plaintiff and defendant were husband and wife; the two persons above named were minor children of plaintiff and defendant, and at the time this action was instituted were in the custody of the wife, who was then living separate and apart from her husband.  An answer was filed to plaintiff's complaint denying the allegations thereof and, by way of cross-complaint for divorce, the defendant charged the plaintiff with having committed adultery.  Plaintiff answered the cross-complaint of defendant, and on June 19, 1909, an amended cross-complaint was filed wherein the defendant set up a different cause of action for divorce, charging the plaintiff with having failed to provide for her the common necessaries of life for more than one year prior to the filing of said cross-complaint.  This amended cross-complaint was served upon the attorney for plaintiff on the tenth day of June, 1909.  No answer was made thereto, and on July 22, 1909, after the time allowed by law for the defendant to appear and make answer to the cross-complaint had expired, the cause came on for hearing before the court.

The minute entry of the court made on July 22, 1909, is shown, and it appears therefrom that both parties were represented in court and that the defendant asked and received leave to withdraw her cross-complaint as first filed, and that evidence was heard in support of the allegations contained in the amended cross-complaint, plaintiff offering no evidence at all in support of his complaint. The minute entry further shows that after the hearing of the testimony an interlocutory decree of divorce was ordered entered in favor of the defendant in accordance with the prayer of her amended cross-complaint.

On this appeal plaintiff, among other points urged, contends that, as the record does not show that a formal entry of the default of the plaintiff for not answering the amended cross-complaint was made, the court was without right to proceed and render judgment. The record does show that issues had been made up on the complaint and the answer of the defendant and that the cause came on regularly for hearing; that both parties were present in court, the plaintiff by his attorney and the defendant with her counsel. The time within which the defendant was allowed to make answer to the amended cross-complaint had expired about thirty days prior to the time of trial. It does not appear that the plaintiff at any time, at or prior to the date of hearing, offered or asked leave to file an answer to the amended cross-complaint. He was present by counsel in court when the matter came on for hearing and did not then, so far as the record shows, offer any evidence, either in support of the allegations of his complaint or in denial of the allegations of the amended cross-complaint. Under this state of facts, plaintiff is not in a position to question the regularity of the judgment on the ground that a formal entry of his default in failing to answer the amended cross-complaint should have been made before the interlocutory judgment was ordered. It must be assumed from the record as it is here presented that notice of trial was regularly given, or that the cause was heard on the date mentioned by the consent of the parties. It is very evident that the plaintiff had notice of the hearing, for the record shows that his counsel was in court to represent him. It has been held, even in cases where no notice of hearing is given, that a formal entry of default need not be first made in order that the court shall have jurisdiction to enter judg-

ment against a defaulting party. (*Hibernia Savings and Loan Society* v. *Matthai*, 116 Cal. 424, [48 Pac. 370].)

It is further objected by the plaintiff that this action was not of a kind permitting the filing of a cross-complaint wherein a divorce is prayed for, and for that reason that the court was without authority to enter the judgment as made. Whether or not the filing of a cross-complaint is an appropriate proceeding in an action of this kind seems immaterial, for the reason that plaintiff by his conduct has estopped himself from now raising that question. At no time in the superior court did the plaintiff object to the filing of the cross-complaint or to the filing of the amended cross-complaint. As before stated, he not only made no answer to the amended cross-complaint, but appeared at the trial and waived the right to make any proof in substantiation of the allegations of his complaint, or in defense of the allegations of the amended cross-complaint. By his action in so doing he conceded the right in the defendant to pursue the remedy which she sought by her pleading. (*Riverside Heights etc. Co.* v. *Trust Co.*, 148 Cal. 457, [83 Pac. 1003].) The amended cross-complaint set out in sufficient form and substance a cause of action in favor of defendant against the plaintiff.

The prayer attached to the amended cross-complaint was in the following words: ''Wherefore, defendant prays judgment as prayed for in her original answer and cross-complaint on file herein.'' Appellant further argues that this prayer is insufficient to sustain the judgment awarded, because the original cross-complaint was withdrawn by leave of court, and, therefore, that there was no pleading on file to which the prayer of the amended cross-complaint could refer. The original cross-complaint was attached to the answer of the defendant, and the prayer in conclusion was as much a part of the answer as of the cross-complaint. The prayer of the original cross-complaint, so considered, remained as a part of the files of the case and was undoubtedly sufficient, by reference thereto, in aid of the prayer of the amended cross-complaint. Moreover, it would seem that as the cause of action presented by the amended cross-complaint was of equitable character, and the facts pleaded were sufficient to support the decree rendered by the court, the prayer might be disregarded. (*In re De Leon*, 102 Cal. 541, [36 Pac. 864]; *John-*

*son* v. *Polhemus,* 99 Cal. 245, [33 Pac. 908].) In the case last cited it is true that an answer had been filed by the defendant, but for that reason the case should not be distinguished from this one, because here the parties appeared and proceeded to trial in all respects as though an answer had been filed to the amended cross-complaint.

The motion of respondent to dismiss the appeal on the ground that notice thereof was served more than six months after the entry of judgment must be denied. The transcript shows that the judgment was entered in the judgment-book on December 15, 1909, and the notice of appeal was filed on March 24, 1910. Under the provisions of section 131, Civil Code, an appeal may be taken from an interlocutory judgment of divorce within six months after the entry of the decree.

The motion to dismiss the appeal is denied; the judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.