[S. F. No. 10922. In Bank.—December 29, 1923.]

AMERICAN TRADING COMPANY, etc. (a Corporation), Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, etc., et al., Respondents.

[1] INJUNCTION — GRANTING OF INJUNCTION PENDING APPEAL—PRIOR REFUSAL OF INJUNCTION PENDENTE LITE.—The jurisdiction of the superior court to grant an injunction pending an appeal, after having refused an injunction *pendente lite*, can only be sustained on the theory that the order granting the injunction pending the appeal is a portion of the order denying the injunction *pendente lite*, for where the court has refused an injunction, it could not subsequently grant the injunction, because the order refusing the injunction is an appealable order.

[2] ID.—NOTICE.—The power to grant an injunction pending an appeal, after refusal of an injunction *pendente lite*, exists only because it is incidental to the right of appeal from the order refusing the injunction *pendente lite*, and is necessarily based upon the notice and hearing for the injunction *pendente lite*, consequently no other notice is necessary.

[3] ID.—TRANSFER OF CORPORATE PROPERTIES—GRANTING INJUNCTION PENDING APPEAL—CHARACTER OF BOND—PRESERVATION OF STATUS QUO.—In an action by stockholders of a corporation to enjoin the transfer of its properties to another · corporation, the execution of a bond given on the granting of an injunction pending an appeal by the stockholders, after refusal of an injunction *pendente lite*, and running in favor of the transferor and not the transferee, did not render the order granting the injunction pending the appeal invalid, where the court in making the latter order was acting in pursuance of its inherent power to preserve the *status quo* pending the appeal and not under section 527 of the Code of Civil Procedure.

PROCEEDING in Certiorari to review an order of the Superior Court of the City and County of San Francisco granting an injunction pending appeal. Frank J. Murasky, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin for Petitioner.

Frank J. Golden and Humphrey, Grant, Zimdars & Warren for Respondents.

WILBUR, C. J.—Petitioner seeks a writ of review to annul an order of the Superior Court continuing in force a restraining order pending an appeal from an order denying an injunction *pendente lite* in an action brought by certain stockholders of the La Zacualpa Hidalgo Rubber Company to prevent that company from executing a deed of certain of its properties to the American Trading Company as provided by an agreement of December 20, 1921, between the La Zacualpa Hidalgo Rubber Company and the American Trading Company, wherein and whereby it was agreed that at the expiration of eighteen months, to wit, on June 20, 1920, the La Zacualpa Hidalgo Rubber Company would transfer its properties to the American Trading Company. On June 19, 1923, certain stockholders of the La Zacualpa Hidalgo Rubber Company began an action for an accounting and for an injunction to restrain the proposed transfer, and in connection therewith secured a temporary restraining order and an order to show cause why an injunction *pendente lite* should not issue. Upon the hearing of this application the Superior Court denied the application for the injunction *pendente lite* and dissolved the restraining order. The plaintiff stockholders appealed from the order denying the temporary injunction and secured an injunction pending the appeal restraining the La Zacualpa Hidalgo Rubber Company from transferring the property to the American Trading Company. In accordance with the order granting the injunction pending the appeal plaintiffs gave a bond in the sum of two thousand five hundred dollars, payable to the La Zacualpa Hidalgo Rubber Company.

The American Trading Company petitions this court to annul the order granting the injunction pending the appeal, upon the ground that the order was void because no notice of the application was given and the bond does not protect the American Trading Company. Upon the argument it was conceded that the Superior Court had authority to grant an injunction pending the appeal in order to preserve the *status quo* (*City of Pasadena* v. *Superior Court,* 157 Cal. 781 [21 Ann. Cas. 1355, 109 Pac. 620]; *Pierce* v. *City of Los Angeles,* 159 Cal. 516 [114 Pac. 818]). **[1]** The jurisdiction of the Superior Court to grant such an injunction pending an appeal, after having refused an injunction *pendente lite,* can only be sustained on the theory that the order granting the injunction pending the appeal is a portion of the order denying the injunction *pendente lite,* for where the court has refused an injunction, it could not subsequently grant the injunction, because the order refusing the injunction is an appealable order. This principle is established in the case of *United Railroads* v. *Superior Court,* 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129], where it was held that the trial court, having granted a preliminary injunction without reserving the power to modify the same, could not subsequently suspend the effect of the temporary injunction, for the reason that such injunction could only be modified or set aside on appeal. If the order under attack in this proceeding be regarded as the result of a separate and distinct application for an injunction after the refusal to grant an injunction *pendente lite,* it was clearly beyond the jurisdiction of the Superior Court for the reason stated. **[2]** Assuming, as it is conceded, that the trial court had the power to make the order, such power exists only because it is incidental to the right of appeal from the order refusing the injunction *pendente lite,* and is necessarily based upon the notice and hearing for the injunction *pendente lite,* consequently no other notice was necessary. **[3]** It is also contended that the order is invalid because the bond required by the Superior Court was executed to the La Zacualpa Hidalgo Rubber Company and not to the American Trading Company, and that the latter company, the petitioner herein, would be injuriously affected by the injunction without any security. It is a sufficient answer to this contention to call attention to the fact that the court

in making the order in question was acting in pursuance of its inherent power to preserve the *status quo* pending the appeal and not under section 527 of the Code of Civil Procedure (*City of Pasadena* v. *Superior Court, supra*).

Order affirmed.

Lawlor, J., Lennon, J., Kerrigan, J., Richards, J., *pro tem.,* and Seawell, J., concurred.

Rehearing denied.