[S. F. No. 11111. In Bank.—May 17, 1924.].

ERNEST EISENBERG et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] APPEAL — PERFECTION OF — EFFECT UPON JURISDICTION OF TRIAL COURT.—The perfection of an appeal divests the superior court of jurisdiction as to all matters embraced in the judgment or order appealed from, but it does not deprive the lower court of its jurisdiction to proceed upon any other matter embraced in the action unless it is a proceeding "upon the judgment or order appealed from or upon the matters embraced therein."

[2] INJUNCTION—PRESERVATION OF STATUS QUO PENDING APPEAL—INJUNCTIVE ORDER NOT PART OF ORDER APPEALED FROM.—An order for an injunction to preserve the *status quo* pending an appeal from a judgment or order denying an injunction is not an order upon or embraced in the order appealed from. While it is in a sense appurtenant to and concurrent therewith, it is nevertheless separate and separable therefrom.

[3] ID.—VACATING RESTRAINING ORDER—JURISDICTION.—The real reason why the trial court has no jurisdiction to vacate or modify an order which it has theretofore made for the issuance of an injunction pending the appeal is, that "the decision of the trial court having been once made after regular submission of the motion its power is exhausted—it is *functus officio*."

[4] ID.—REGULAR ENTRY OF JUDGMENT OR ORDER—MANNER OF VACATING.—A judgment or order once regularly entered can be modified or vacated by the court which entered it only in the manner prescribed by statute.

[5] ID.—RESTRAINING ORDER MADE EX PARTE AND WITHOUT NOTICE—VACATION OF—JURISDICTION—SECTIONS 937 AND 532, CODE OF CIVIL PROCEDURE.—Under sections 937 and 532 of the Code of Civil Pro-

cedure a superior court has the power to vacate or modify a restraining order made for the purpose of preserving the *status. quo* pending an appeal from an order denying a temporary injunction, where said restraining order was made *ex parte* and without notice to the adverse party.

[6] ID.—FORMER DECISION—MODIFICATION OF OPINION—CONSTRUCTION OF MODIFICATION.—Where in a decision of a former case in which the trial court made a restraining order to preserve the *status quo* pending an appeal after the denial of a temporary injunction, the opinion was modified by striking therefrom the statement that "if in the judgment of the petitioner the bond given by the appellant was insufficient to protect it, application should be made to the trial court for relief in the premises," such modification is not to be regarded as a determination or indication on the part of the appellate court that no power remained in the trial court to grant such relief, but merely that this question was not involved in that case.

[7] ID.—VACATION OF RESTRAINING ORDER—JURISDICTION—ESTOPPEL.— A superior court cannot be held to be precluded, upon principles analogous to estoppel, from either vacating or modifying a restraining order previously made for the purpose of preserving the *status quo* pending an appeal, by reason of the fact that the parties procuring such restraining order have, in reliance upon such restraining order, filed a bond and thus incurred expense and subjected themselves to liability.

[8] APPEAL—STAY BOND—COMPLIANCE WITH STATUTE—JURISDICTION. When an appellant has complied with the requirements of sections 941 to 946, inclusive, of the Code of Civil Procedure, relating to the filing of a stay bond upon appeal, further proceedings in the court below are stayed, not by virtue of the action of the trial court in fixing the amount of the bond, but *ipso facto* by virtue of the provisions of the statute.

PROCEEDING in Certiorari to annul an order of the Superior Court of the City and County of San Francisco vacating a restraining order.   Writ denied.

The facts are stated in the opinion of the court.   ·

Gavin McNab and Nat Schmulowitz for Petitioners.

Heller, Ehrman, White & McAuliffe for Respondents.

THE COURT.—This is an application for a writ of review to annul an order of the respondent court vacating a restraining order theretofore granted by it for the pur-

pose of preserving the *status quo* pending an appeal  The petitioners herein had commenced an action in the respondent court for an injunction, and upon the filing of their complaint made an application for an injunction *pendente lite*. An order to show cause was issued thereon and after a full hearing thereof the court denied petitioners' application for an injunction *pendente lite* and discharged the order to show cause.  Desiring to appeal from the order denying their application for a temporary injunction, petitioners then applied to the trial judge for a restraining order to preserve the *status quo* pending such appeal.  This application was made several days after the order denying the temporary injunction and was made *ex parte* without any notice to the defendants in said action.  The trial judge granted the application and made an order for the issuance of a restraining order upon the filing and approval of a bond in the sum of one thousand dollars.  The bond was duly filed and approved, the restraining order pending the appeal issued, and thereupon petitioners perfected their appeal.  Thereafter the defendants duly served and filed their notice of motion in the alternative, either to vacate the order for an injunction pending the appeal or that the bond upon such injunction be increased from one thousand dollars to ninety thousand dollars.  Upon the hearing thereof these petitioners objected to the jurisdiction of that court to hear and determine the motion on the ground that it was without jurisdiction so to do.  The matter was argued and submitted and the respondent court thereafter made an order vacating the injunction pending the appeal which had theretofore been issued.  This last is the order which petitioners are here seeking to annul.

Respondent takes the position that the trial court, having made its order denying the application for an injunction *pendente lite,* had no power to thereafter grant such an injunction to be effective pending the appeal; that its order granting the same was void, and that its subsequent order vacating the same (which is the one here under attack) was therefore properly made.  In the case of *City of Pasadena* v. *Superior Court,* 157 Cal. 781 [109 Pac. 620], the main question before this court was whether a superior court in an action brought to obtain an injunction may, in its judgment denying the right to such injunction, provide, never-

theless, for continuing in force pending a final determination of the action (on appeal) an injunction preliminarily issued. After an exhaustive consideration of the authorities this court answered that question in the affirmative, resting its conclusion upon the constitutional grant vesting the superior court with "original jurisdiction in all cases in equity," and holding that the power to maintain the *status quo* by continuing an injunction pending an appeal is an inherent part of such equity jurisdiction. In *Pierce* v. *City of Los Angeles,* 159 Cal. 516 [114 Pac. 818], this court held that after judgment has been rendered in favor of defendants, denying an injunction, and prior to an appeal being taken therefrom, the superior court has jurisdiction, under the Code of Civil Procedure, section 681, in the exercise of a wise discretion and to preserve the *status quo,* to make an order restraining the defendants from performing the acts complained of pending the determination of a motion for new trial. In *Mulvey* v. *Superior Court,* 22 Cal. App. 514 [135 Pac. 53], a preliminary restraining order was issued and served. Thereafter, upon a hearing thereon, the court announced its decision sustaining a demurrer to the complaint without leave to amend, dissolving the restraining order and directing a judgment of dismissal. Prior to the entry thereof the plaintiffs moved, upon notice to the defendants, for an order reviving the original restraining order, for the purpose of preserving the *status quo* pending the appeal, which motion, after a hearing thereon, was granted. Thereupon the appeal was perfected to this court, and thereafter, the superior court being about to grant a motion of defendants for a modification of such injunctional order, the district court of appeal issued its writ of prohibition restraining it from so doing. The district court apparently rested its decision upon the conclusion that the order for an injunction pending the appeal was a matter embraced within the judgment, and that therefore when the appeal was perfected the effect thereof was to deprive the trial court of the power to proceed further. The order of this court denying a petition for a transfer to this court after said decision of the district court of appeal may be taken as an approval of the conclusion there reached, but not necessarily of all of the reasoning contained in that opinion. **[1]** It is clear that the perfection of an appeal

divests the superior court of jurisdiction as to all matters *embraced in the judgment* or order appealed from. (2 Cal. Jur. 415, and cases cited.) It is equally clear that the perfection of an appeal does not deprive the lower court of its jurisdiction to proceed upon any other matter *embraced in the action* unless it is a proceeding "upon the judgment or order appealed from or upon the matters embraced therein." (Code Civ. Proc., sec. 946; 2 Cal. Jur. 418 *et seq.*) [2] An order for an injunction to preserve the *status quo* pending an appeal from a judgment or order denying an injunction is not an order upon or embraced in the order appealed from. While it is in a sense appurtenant to and concurrent therewith, it is nevertheless separate and separable therefrom. It may perhaps be said to be collateral to the order appealed from, but it is doubtful that it may be regarded as even incidental thereto, as costs may be said to be incidental to a judgment. [3] The real reason why the trial court had no jurisdiction to vacate or modify the order which it had theretofore made for the issuance of an injunction pending the appeal is summed up in the following language in the opinion in *Holtum* v. *Greif,* 144 Cal. 525 [78 Pac. 12] : "The decision of the trial court having been once made *after regular submission of the motion* its power is exhausted—it is *functus officio."* (Italics added.)

In the case of *United Railroads* v. *Superior Court,* 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129], the obverse of this question was presented. There the trial court after a full hearing upon notice of the application for an injunction *pendente lite* had granted the same. Thereupon the defendants, desiring to appeal from that order, made application to the trial court for an order suspending and staying the operation of the preliminary injunction pending the appeal therefrom. The trial judge having announced his intention of granting that application, this court issued its writ of prohibition restraining him from so doing. The court in its opinion reviewed a long line of decisions of the courts of this state showing that for a period of more than fifty years the rule has been firmly established that the superior court may not revoke, modify, or otherwise disturb its judgments and orders regularly made, except in the manner prescribed by statute. It showed the specific application of this rule to provisional injunctions, resulting

uniformly in the holding that the right to move for dissolution or modification of such an injunction is limited to cases where the injunction was granted without notice. (*Natoma Water & Mining Co.* v. *Clarkin,* 14 Cal. 544, 551; *Hicks* v. *Michael,* 15 Cal. 107, 117; *Natoma Water & Mining Co.* v. *Parker,* 16 Cal. 83; *Curtis* v. *Sutter,* 15 Cal. 265; *Ots* v. *Superior Court,* 10 Cal. App. 168 [101 Pac. 431] ; 2 Hayne on New Trial and Appeal, sec. 191.)   The conclusion thus arrived at is summed up in the quotation above made from *Holtum* v. *Greif, supra,* in the statement that "the decision of the trial court having been once made, after regular submission of the motion, its power is exhausted—it is *functus officio.*"   The court there recognized the rule that when the trial court has denied the provisional injunction or permanent injunction prayed for, it may, nevertheless, in contemplation of an appeal, grant such injunction pending the appeal, in order to preserve the subject of the litigation until the final determination thereof, so that such determination when made shall not be rendered nugatory.   It pointed out that this rule could not be invoked to support the modification of the provisional injunction there proposed for the reason that its effect would be precisely the opposite.   Instead of preserving the *status quo* it would lead to the destruction thereof.   The provisions of sections 525 to 533 of the Code of Civil Procedure were there considered and held to be reasonable and valid regulations lawfully imposed by the legislature upon the mode and manner of the exercise by the courts of their constitutional jurisdicton in equity.

Respondent insists that the rule of the Pasadena and Pierce cases, *supra,* is applicable only to a case wherein the action has proceded in the trial court to judgment and an appeal is to be taken *therefrom,* and that it is not applicable to a case such as the one at bar wherein the appeal is to be taken from an order denying the provisional injunction prior to trial and judgment.   This question has not been directly decided in this state so far as we are advised.   The case of *American Trading Co.* v. *Superior Court,* 192 Cal. 770 [222 Pac. 142], presented a case which was similar in this respect to the case at bar.   There, also, the trial court denied an application for an injunction *pendente lite* and granted a restraining order pending the appeal therefrom, but the question here raised was not there decided,

for the reason that the parties thereto expressly conceded the validity of the restraining order so made. We do not find it necessary to decide that question here. We shall assume for the purposes hereof that the restraining order granted herein pending the appeal from the order denying the provisional injunction was valid when made.

[4] As was pointed out above, the rule is well settled that a judgment or order once regularly entered can be modified or vacated by the court which entered it only in the manner prescribed by statute, and it remains to consider whether or not the statute prescribes any method by which the restraining order pending appeal herein might be vacated or modified by the court which granted it. [5] The order here under consideration was made *ex parte* and without notice to the adverse party. Section 937 of the Code of Civil Procedure provides that ''an order made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions are made.'' If there be any room for doubt as to the applicability of this general rule to provisional injunctions which have been granted *ex parte,* we turn to section 532 of the Code of Civil Procedure, which provides that: ''If an injunction is granted without notice to the person enjoined, he may apply, upon reasonable notice, to the judge who granted the injunction, or to the court in which the action was brought, to dissolve or modify the same,'' and prescribes the method to be followed in making such application, which was followed herein. This provision plainly reserved to the respondent court the jurisdiction and power to vacate or modify the restraining order granted by it without notice to the defendants. Petitioners do not seriously contend that the perfection of the appeal herein had the effect of divesting that court of such jurisdiction, but they do contend that the American Trading Company case, *supra,* is authority directly to the contrary of the conclusion here reached. In that case, as in the one at bar, plaintiff appealed from an order denying the temporary injunction and secured a restraining order pending the appeal. No separate or express notice was given to the defendants in that case of the application for the restraining order. It was urged before this court upon a

review thereof that the restraining order was void because no notice of the application therefor was given to the defendants. It appeared from the record therein that the restraining order pending appeal was granted on the same day that the court directed the entry of an order denying the application for an injunction *pendente lite* and before the entry thereof. The court in its opinion did not expressly refer to this fact, but said that the jurisdiction of the trial court to make the restraining order could be sustained only "on the theory that the order granting the injunction pending the appeal is a portion of the order denying the injunction *pendente lite,*" and "is necessarily based upon the notice and hearing for the injunction *pendente lite,* consequently no other notice is necessary." The question whether the trial court, having granted the restraining order, retained any jurisdiction to vacate or modify the same, was not there involved. The opinion as originally filed therein contained the statement that "if in the judgment of the petitioner the bond given by the appellant was insufficient to protect it, application should be made to the trial court for relief in the premises." Thereafter the opinion was modified by striking this sentence therefrom. [6] This modification is not to be regarded as a determination or indication on the part of this court that no power remained in the trial court to grant such relief, but merely that this question was not involved in that case. [7] Petitioners contend that inasmuch as they have, in reliance upon the order of the respondent court, filed a bond herein and thus incurred expense and subjected themselves to liability, and thus procured the restraining order here in question, that the respondent court should be held to be precluded from either vacating or modifying the restraining order, upon principles analogous to estoppel. They cite as authority for this contention the cases of *Lee Chuck* v. *Quan Wo Chong Co.,* 81 Cal. 222, 227 [15 Am. St. Rep. 50, 22 Pac. 594], *Hubbard* v. *University Bank,* 120 Cal. 632 [52 Pac. 1070], and *Jameson* v. *Chanslor-Canfield etc. Oil Co.,* 173 Cal 612 [160 Pac. 1066]. These cases do not so hold, as we read them. They hold that merely when a stay bond upon appeal has been filed pursuant to the requirements of sections 941 to 946, inclusive, of the Code of Civil Procedure, and in full compliance with

the requirements thereof the appeal is perfected and all further proceedings in the court below are thereby stayed and it has no power thereafter to require a bond to be given in a larger amount, and that this is so even though the amount of the bond so given was fixed by the court upon an *ex parte* application. This conclusion was arrived at, however, not by an application of the rules of estoppel or of principles analogous thereto, but upon consideration of the fact that the code sections above cited grant to an appellant a *clear right* to procure a stay of proceedings by a compliance with the requirements thereof. [8] When an appellant has so complied with these requirements, further proceedings in the court below are stayed, not by virtue of the action of the trial court in fixing the amount of the bond, but *ipso facto* by virtue of the provisions of the statute. In the Lee Chuck case the appellant had no such absolute right to a stay unless the trial court so directed, and the court there held that when such direction was given the code sections last cited at once became operative, and upon compliance with the requirements thereof further proceedings upon the judgment were stayed thereby precisely as in other cases, under the express terms of section 946. We are of the opinion that the respondent court in vacating the restraining order here in question was acting in the exercise of the jurisdiction so to do reserved in it by the provisions of sections 937 and 532 of the Code of Civil Procedure. It is therefore ordered that the petition for a writ of review be denied and the order to show cause discharged.