[Civ. No. 6679. Second Appellate District, Division Two.—May 11, 1931.]

H. P. CANBY et al., Appellants, v. THE COUNCIL OF THE CITY OF LOS ANGELES et al., Respondents.

. R. M. Widney and Edw. J. Cotter for Appellants.

Erwin P. Werner, City Attorney, Jerrell Babb, Deputy City Attorney, and William M. Brown for Respondents.

CRAIG, J.—The appellants instituted an equitable proceeding, praying that a writ of mandate issue in the superior court requiring the Council of the City of Los Angeles to modify assessments of their properties abutting upon a certain highway, and that they be granted such relief as should be deemed just and equitable. A demurrer to their complaint was sustained, whereupon an amended complaint was filed, praying that the superior court take "equitable cognizance and jurisdiction of the facts" alleged, and of the parties and render "such judgments, orders and relief as may be legal and equitable"; that bonds issued for the improvements specified upon said highway be adjudged void, that the Municipal Bond Company be restrained from enforcing the same; that the City Council be required to make a partial reassessment, and that the cost of improvement be apportioned equally between their properties and the right of way of the Southern Pacific Railroad, "at an equal and uniform rate per front foot of the frontage of each separate lot . . . fronting thereon", and that a bond issue be created in accordance therewith. A demurrer interposed by the Municipal Bond Company was sustained without leave to amend, in accordance with a stipulation of counsel. The demurrer of the defendant Council of the City of Los Angeles was sustained, and the plaintiffs having declined to again amend, judgment was entered against them, from which they appealed.

The contention first to be considered is that the plaintiffs' amended complaint did not demand such different or additional relief as to require, should they succeed, an adjudication other than that to which they would have been entitled under their original pleading. That is, that it did not, as insisted by the respondents, present a new or added cause of action. We think that under the liberal rules of pleading in this state, and the views hereinafter expressed, extended consideration of such variance, if it be one, has been sufficiently

afforded by earlier authorities to obviate the necessity for further discussion in this case. The allegations of the amended complaint are similar, though supplemental, to the facts which are re-alleged therein from th first complaint.

The prayer for relief does not indicate the character of action exclusively, nor does it finally conclude the question of jurisdiction. (*Kohler* v. *Agassiz*, 99 Cal. 9 [33 Pac. 741]; *Lehnhardt* v. *Jennings*, 119 Cal. 192 [48 Pac. 56, 51 Pac. 195].) However, it may be resorted to for the purpose of ascertaining the plaintiffs' theory of action and the kind of relief to which they conceive themselves entitled. (*Arrington* v. *Liscom*, 34 Cal. 365 [94 Am. Dec. 722]; *Nevada Co. etc. Canal Co.* v. *Kidd*, 37 Cal. 282; *Green* v. *Thornton*, 8 Cal. App. 160 [96 Pac. 382].) They will not be denied relief because of a mere misconception of the form of relief to which they are entitled, and if their demands are not warranted by the facts alleged, the prayer will be disregarded. (*Wakefield* v. *Wakefield*, 16 Cal. App. 113 [116 Pac. 309]; *Zellner* v. *Wassman*, 184 Cal. 80 [193 Pac. 84]; *Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186 [190 Pac. 797]; *Murphy* v. *Murphy*, 57 Cal. App. 182 [207 Pac. 43].) Appellants allege facts tending to show an unequal apportionment of taxation, which they asserted as unfair and illegal, and the unquestionable effect and tenor of their demand is, that the defendant Council be required to reassess the respective adjacent properties.

The question of moment is as to whether or not the assessment is for the reasons alleged invalid, rendering compulsory a reassessment according to an apportionment of taxation for the specified improvements upon an estimate of benefits to adjoining lands different from that which in the discretion of the Council has been fixed as just and proportionate. The plaintiffs rely upon the following pertinent allegations: The city of Los Angeles contemplating improvement of a public thoroughfare known as San Fernando Street or Road, lands abutting the southwesterly side thereof, including the lands of the plaintiffs, are assessed at the rate of $8.40 per lineal front foot, and the right of way of the railway companies abutting the northeasterly side thereof is assessed at the rate of $1.50 per front foot, "all of which more fully appears as set out in said proceedings for said assessment, all of which was and is in violation of and pro-

hibited by the statutes of this state relating thereto and of the legal and equitable rights of said plaintiffs, and are void and uncollectable''. The lands of the respective parties ''have the same benefit, use and right of use'' of said public highway, and the latter ''is used by said railway companies for all purposes of public use and transit that said railroad companies have or may have occasion or necessity to use to the same extent and benefit as have the plaintiffs herein, and that their respective properties are equally benefited by the paving and improving'' of the same. ''The plaintiffs duly protested said assessment and duly appealed therefrom'' to the defendant Council, and duly requested that the assessment be corrected and changed so as to impress all of the lands with an equal burden per lineal foot frontage. The protest and appeal were heard and determined by the Council, and the original assessment was approved. Prior to such hearing the defendants agreed among themselves that the railroad companies should pay a specified sum of money in lieu of, and in full satisfaction of any and all assessment obligations ''for said frontage of said right of way for the entire distance thereof''; ''said agreement was made and entered into privately by said defendants without the knowledge or consent of these plaintiffs, and that the same is in violation of the legal and equitable rights of these plaintiffs, and is in violation of, and is prohibited by the laws of this state as contrary to public policy and morals and is in violation of sec. 182, subd. 5, and sec. 176 of the Penal Code of the state of California. That said assessment and acts of the defendants takes the private money property of these plaintiffs for public use without just compensation or due process of law therefor first had. That the same is in violation of and is prohibited by sec. 14, art. I, of the Constitition of the state of California.'' It it also alleged that ''the law specially enjoins, as a duty resulting from the office, trust, or station of said defendant, the council of the city of Los Angeles . . . to correct said assessments so that said property frontage of these plaintiffs and the said property frontage of said railroad companies, defendants, shall be assessed at the same rate per front foot frontage on said street or road''. ''That said laws require that each piece, parcel, lot or portions of lots and subdivisions of land shall be separately assessed in proportion to the

·benefit thereto.'' The plaintiffs then allege the amounts at which certain parcels should, in their judgment, have been assessed, and aver .that ''the illegal and void acts of said defendants herein alleged illegal are an abuse of discretion, . . . and are illegal and void'', and constitute ''a fraud against the plaintiffs''.

We are unable to determine from the foregoing as to the area of plaintiffs' lands which abut the one side, or of those belonging to the railroad on the other side, of the street sought to be improved, nor are we apprised as to any benefits which the plaintiffs or the railroad companies might derive from such improvement, other than the public use and transit upon said street to which it is asserted each has an equal right. It is provided by the Street Improvement Act of 1911, as amended in 1927 (Stats. 1911, chap. 397, p. 730; Stats. 1927, chap. 329, p. 540):

''Sec. 4. Whenever the contemplated work or improvement in the opinion of the city council, is of more than local or ordinary public benefit, or whenever, according to estimate to be furnished by the city engineer, the total estimated costs and expenses thereof would exceed one-half the total assessed value of the lots and lands assessed, if assessed upon the lots or land .fronting upon said proposed work or improvement, according to the valuation fixed for municipal purposes, and allowing a reasonable depth· from such frontage for lots or lands assessed in bulk, the city council may make the expense of such work or improvement chargeable upon a district, which the said city council shall, in its resolution of intention, declare to be the district benefited by said work or improvement, and to be assessed to pay the costs and expenses thereof.''

''Sec. 20. Subdivision 11. The terms lot, lots, lands, piece or parcel of land wherever mentioned in this act shall be deemed to include and shall include property owned or controlled by any person, firm or corporation as a railroad, . . . such railroad right of way (whether the same is owned in fee or as an easement) shall be included in the warrant, assessment and diagram and shall be assessed in the manner and with the same effect as other lots, lands or pieces or parcels of land are assessed as provided in this act, and such railroad, street or interurban railroad

right of way shall be subject to sale for nonpayment of assessments as in this act provided."

Appellants allege the frontage of the defendant railroad companies' lands to be 35,546 feet, and the width of their property 100 feet, and that the cost of improvements has been assessed "against the lands liable therefor *including the lands fronting or abutting thereon* as herein alleged". For aught that appears, the assessment may have been a charge in bulk upon a district in accordance with the last assessment for municipal purposes, in which event appellants' greater or less frontage, including the assessment of all of the lands liable therefor, may have, and doubtless did, become chargeable at a higher rate than that of the railroad property.

Among the many legal conclusions of which the amended pleading consists, it is alleged that said assessment is illegal and void, and constitutes a fraud upon the rights of the plaintiffs. But acts constituting fraud do not appear, and it cannot be presumed. (*San Francisco Pav. Co.* v. *Egan,* 146 Cal. 635 [80 Pac. 1076] ; *Symons* v. *San Francisco,* 115 Cal. 555 [42 Pac. 913, 47 Pac. 453].) The case, then, resolves itself into one in these respects subject to rulings of the Supreme Court in *Bailey* v. *City of Hermosa Beach,* 183 Cal. 757 [192 Pac. 712], upon an application for an injunction against the issuance of street improvement bonds, for the construction of a bridge. We quote therefrom:

". . . The act does plainly authorize the work, and the objection that the assessment to pay for the work might have been on a frontage basis cannot be made since the assessment was not of that character.

"The second objection of the plaintiff to the assessment is that it is invalid because the land of the railway company forming its right of way adjoining the bridge was not assessed, although within the assessment district. The answer is that this point was determined adversely to the contention of the plaintiff in the recent case of *Larsen* v. *San Francisco,* 182 Cal. 1 [186 Pac. 757]. There, as here, an assessment was levied upon the land within an assessment district to pay for a public improvement, upon the basis of the assessment being in proportion to the benefits accruing. There, as here, an appeal lay from the action of the subordinate official or officials apportioning the assessment in the first

instance to the legislative body of the city. There, as here, some of the property within the assessment district was not assessed, and the point was made that the omission rendered the assessment invalid. It was also urged that the assessment was invalid because not in fact made according to benefits. The two points were answered together and they are in fact one, for it would seem plain that making an assessment according to benefits involves an omission from assessment of property not benefited. (*Reclamation Dist.* v. *Goldman,* 65 Cal. 640 [4 Pac. 676].) The answer made to these points in *Larsen* v. *San Francisco* was that in the absence of a showing of fraud or mistake, the assessment as levied in the first instance was valid unless appealed from, and if appealed from, was valid as finally approved by the legislative body of the city. In the present case, fraud or mistake was not shown. The trial court found in fact that the omitted land was not benefited, a finding very apparently justified in view of the character of the property omitted and its physical situation with reference to the bridge. The conclusion is that the omission in question did not invalidate the assessment. This conclusion is not affected by that provision of the statute that the right of way of a railroad within an assessment district shall be assessed in the same manner as other lands within the district. All that the statute requires is that such lands be not omitted because they are used for railroad right of way, and that if benefited they be assessed like other lands.. . .

''A number of objections to the assessment are made by the plaintiff under different heads which all reduce themselves to the one objection that the lands of the railroad company were either omitted from the assessment district entirely or else were not assessed, because of the arrangement between the city and the company that the bridge should be built without expense to the company. That arrangement in itself was a perfectly proper one. It would of course not be permitted, because of such an arrangement to throw on to the other property owners the portion of the expense properly assessable against the lands of the railway company. If the lands of the railway company would be benefited by the improvement so that a portion of its expense should be assessed against them, then the arrangement would have to be carried out in some other manner than by

failing to assess those lands. But if the lands of the railway company are not benefited by the improvement, then the failure to assess them does not have the effect of throwing on to other property owners a portion of the expense which they should not bear, and this is the only thing of which the other property owners would have the right to complain. As we have said, the trial court found in this case that the lands of the railway company were not benefited. This is a complete answer to the plaintiff's objection.''

Neither the ordinance of intention nor the statute under which the improvement was sought to be installed are pleaded; there in no basis for a showing of fraud or mistake. The allegation that the asserted unequal assessment resulted in fraud upon the plaintiffs does not require proof to the contrary, since it does not necessarily follow such assessment. Hence the approval by the legislative body of the city of Los Angeles as alleged, becomes conclusive and final.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.