[Sac. No. 5662. In Bank. Mar. 15, 1945.]

FRANK WEBER et al., Petitioners, v. THE SUPERIOR COURT OF YOLO COUNTY, Respondent.

Thomas B. Leeper, in pro. per., and for Petitioners.

Elmer W. Armfield and Arthur B. Eddy for Respondent.

GIBSON, C. J.—Petitioners, attorney and client, were adjudged guilty of contempt because of the commencement of an action in Sacramento County which respondent Superior Court of Yolo County concluded was in violation of a "status quo" order made by it in a pending action to enjoin a sale under a trust deed.

Petitioner Weber, who was the payee of the note and beneficiary of the trust deed, and later became the administrator with the will annexed of the estate of one trustor, entered into possession of the trust property pursuant to the consent of the surviving trustor and in accordance with a trust deed provision authorizing possession for the purposes of managing the property and applying the proceeds of crop sales on the indebtedness. After the death of the surviving trustor, Weber encountered difficulties with her heirs and filed a notice of default and intention to sell under the deed of trust. The heirs commenced an action in respondent court for an accounting to determine the amount, if any, still owing to Weber and praying that the threatened sale be enjoined

pending such accounting. Following the hearing of an order to show cause, a preliminary injunction was denied on condition that Weber deposit a cash bond to secure the payment of any indebtedness found to be owing by Weber either as administrator or as an individual. Weber met this condition and would have been free to proceed with the noticed sale but for a subsequent order by which the court, on motion, ordered that Weber be "restrained from selling the real property . . . and that the status quo of the subject-matter of the litigation be preserved and maintained pending the determination of said appeal."

Petitioners challenge the jurisdiction of the court to make this latter order. They contend, in effect, that having refused to issue a preliminary injunction, the court was without power to direct the stay and that its order is therefore void and may not constitute the basis of a contempt proceeding for any subsequent violation thereof. (See *Pierce* v. *City of Los Angeles,* 159 Cal. 516 [114 P. 818], and *American Trading Co.* v. *Superior Court,* 192 Cal. 770 [222 P. 142].) Respondent court replies that it had jurisdiction to order a temporary stay pending appeal to preserve the *status quo.* (See *City of Pasadena* v. *Superior Court,* 157 Cal. 781 [109 P. 620, 21 Ann.Cas. 1355] ; *United Railroads* v. *Superior Court,* 170 Cal. 755 [151 P. 129, Ann.Cas. 1916E 199] ; *Eisenberg* v. *Superior Court,* 193 Cal. 575 [226 P. 617] ; and *Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 P. 725].)

We find it unnecessary to determine this issue. ▉ Assuming, without deciding, the court properly ordered the stay pending appeal, we are of the view that the subsequent commencement of the Sacramento County action did not violate the *status quo* order and it will not therefore support an order adjudging petitioners in contempt. The complaint in that action, filed against the heirs individually and in their representative capacities, sets forth the facts as to the execution of the note and trust deed and Weber's entry into possession with the consent of the then surviving trustor, and then alleges that he sold a crop raised on the propery but the defendant heirs notified the buyer not to pay the sale price to Weber and threatened the buyer with suit if the price was so paid; that as a result the buyer still holds the purchase money; that defendants have threatened to claim the selling price of any future crop; that they drove one tenant off the

property; that by reason of defendants' conduct Weber has been unable to get another tenant; that unless a receiver is appointed to handle and farm the property or to rent it out on a share basis, nothing will be realized therefrom to pay taxes, upkeep or principal or interest on the trust deed indebtedness (then due for about nine years, with a five-year default in interest payments); that because of all these circumstances, Weber theretofore recorded a notice of default and election to sell; that prior to the advertised sale of the ranch the defendants commenced an action in the Superior Court of Yolo County (respondent herein) to enjoin the sale; that a preliminary injunction was denied; that defendants noticed an appeal therefrom "and said Superior Court made another order preserving the status of said property pending said appeal and during said appeal plaintiff is powerless and prevented from selling said property under said deed of trust"; and that for the reasons alleged it is necessary to appoint a receiver to take charge of the property, including the farming, harvesting and sale of the crops in order to preserve the property and facilitate payment of the trust deed indebtedness.

The complaint in the Sacramento County action clearly shows its main purpose was to obtain a receivership to insure the production, preservation, harvesting and sale of the crops pending the appeal in the Yolo County action. It was alleged that such receivership became necessary because defendants' interference prevented continued leasing of the ranch. Nowhere in the complaint is there any allegation indicating that a foreclosure of the deed of trust was contemplated. On the contrary, the filing and pendency of the Yolo County action is set forth with particularity and it is further alleged that "plaintiff is powerless and prevented from selling said property under said deed of trust" because of the existence of the *status quo* order made by respondent in that action. The latter allegation furnishes ample proof that the Sacramento County action was not filed with any intention of thereby attempting to sell the property in violation or contempt of the *status quo* order. ▮ While the body of the complaint is thus free of any averment looking to a foreclosure and sale under the deed of trust, the prayer, in addition to requesting an accounting and receivership, did ask for such foreclosure and sale. This request in the prayer is not in accord

with the allegation, referred to above, that the existence of respondent's *status quo* order "prevented" a sale under the deed of trust. Furthermore, the prayer for relief does not necessarily establish the character of an action. As stated in *Standard Brands of California* v. *Bryce,* 1 Cal.2d 718, 721 [37 P.2d 446], "The subject matter of an action and the issues involved are determinable from the facts pleaded, rather than from the title or prayer for relief." (See, also, *Luckey* v. *Superior Court,* 209 Cal. 360, 366 [287 P. 450]; *Sullivan* v. *Compton,* 61 Cal.App.2d 500, 502 [143 P.2d 357]; *Morgan* v. *Veach,* 59 Cal.App.2d 682, 692 [139 P.2d 976]; *Hutchason* v. *Marks,* 54 Cal.App.2d 113, 114 [128 P.2d 573].) If a plaintiff prays for relief beyond the obvious purpose of the complaint and not warranted by the facts alleged, the prayer may be disregarded. (*Bank of California* v. *Superior Court,* 16 Cal.2d 516, 526 [106 P.2d 879]; *Canby* v. *Council of City of Los Angeles,* 114 Cal.App. 94, 96 [299 P. 732]; *Wakefield* v. *Wakefield,* 16 Cal.App. 113, 116 [116 P. 309]; *Hart* v. *Walton,* 9 Cal.App. 502, 511 [99 P. 719].)

■ It is well established that "the acts constituting the contempt must be clearly and specifically prohibited by the terms of the injunction," and that the "party bound by an injunction must be able to determine from its terms what he may and may not do; he cannot be held guilty of contempt for violating an injunction that is uncertain or ambiguous." (*Brunton* v. *Superior Court,* 20 Cal.2d 202, 205 [124 P.2d 831].) ■ Unless there is a violation of the terms of the injunction or temporary stay, an order adjudging a party guilty of contempt for violating its provisions is in excess of the court's jurisdiction. (*Brunton* v. *Superior Court, supra; Hotaling* v. *Superior Court,* 191 Cal. 501, 506 [217 P. 73, 29 A.L.R. 127]; *Hutton* v. *Superior Court,* 147 Cal. 156 [81.P. 409].) ■ As there is no appeal from an order made in a contempt proceeding, it may be reviewed and annulled upon certiorari if it is in excess of jurisdiction. (*Taylor* v. *Superior Court,* 20 Cal.2d 244, 246 [125 P.2d 1]; *Brunton* v. *Superior Court, supra.*) We are satisfied that petitioners did not violate the *status quo* order, and that respondent therefore exceeded its jurisdiction in adjudging them in contempt.

The order adjudging petitioners in contempt is annulled.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.