May Term,
1857.

THE BOARD
OF COMMIS-
SIONERS, &c.
v.
BOYLE.

---

THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY
v. BOYLE.

Section 31, *et seq.,* 1 R. S. p. 229, authorizes an appeal from decisions of county boards to the Circuit or Common Pleas Court.

Section 24, 1 R. S. p. 405, empowers overseers of the poor to employ medical and other necessary services, at the expense of the county, for the relief of temporary paupers.

A county is not legally liable for voluntary services; nor can a county board, without statutory permission, make an allowance for such.

By such authority, the board might, as a gift, requite such services; but in such case, no appeal to a Court of law would lie, the allowance not being grounded on legal obligation.

*Monday,*
*June 8.*

APPEAL from the *Huntington* Court of Common Pleas.

PERKINS, J.—*Boyle* presented an account for attending upon a pauper, to the board of commissioners of *Huntington* county, accompanied by a statement that the services were rendered at the request of the overseers of the poor of, &c. The board refused to allow the claim.

*Boyle* appealed to the Court of Common Pleas. The commissioners there moved that the appeal be dismissed for want of jurisdiction. The Court overruled the motion. The cause was then tried by a jury; and there were a verdict and judgment for *Boyle.*

The evidence is not upon the record, nor are the instructions of the Court.

The counsel have, in their brief, raised many more questions than are presented by the record. No exception was taken to any proceeding below, except the refusal of the Court to dismiss the appeal for want of jurisdiction.

One of the grounds of that motion was that the appeal

should have been to the Circuit Court, and not to the Common Pleas.

Such is the provision of section 10, on p. 102, of 1 R. S., relative to appeals from orders of county boards. That section was passed on the 27th of *March*. On the 17th of *June* following, a section was enacted allowing appeals from decisions (final ones, of course,) of county boards, "to the Circuit or Common Pleas Court." 1 R. S. p. 229, s. 31, *et seq*. This being the later provision, governs.

But it is further contended that the claim in this case must be considered as for services voluntarily rendered, because it is not shown that they were rendered pursuant to a contract with the board of commissioners. It is insisted that all services, except those rendered under such a contract, must be treated as voluntary, on the ground that no other authority has a right to call for services to be rendered at the county's expense. And it being established, as counsel think, that the claim is for voluntary services, they deny the jurisdiction of any Court over an appeal from the action of commissioners, as by section 9, p. 102, they assert that no appeal lies in such cases. *Nichols* v. *Howe*, 7 Ind. R. 506.

But we cannot assent to the premises assumed by counsel in this argument. Without attempting to define the exact extent of the power of overseers of the poor, touching this matter, we may safely say that section 24, 1 R. S. p. 405, does empower them to employ medical and other necessary services, at the expense of the county, for the relief of temporary paupers (1).

Such being the case, we must presume in favor of the judgment below, the record showing nothing to the contrary, that a case under that section was proved.

We certainly must presume that the services established to have been rendered were not voluntary; for a person cannot, as a general rule, render another liable to his suit by voluntarily thrusting his services upon him. For those thus rendered, the county would not be legally liable; nor, without statutory permission, could the commissioners of a county properly make an allowance for them, however

May Term, 1857.

meritorious and beneficial they might have been. By permission, the commissioners may, by way of gift, requite such services, and when they do, no appeal to a Court of law would avail, as no legal question would be presented, the allowance not being on the ground of legal obligation, but a mere matter of favor, or "natural equity."

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

(1) See *The Board, &c.* v. *Chitwood,* 8 Ind. R. 504.