JOHN J. PERRY *et al.*

*v.*

GEORGE KINNEAR *et al.*

SAME

*v.*

ROBERT B. HANNA *et al.*

1. POWERS OF MUNICIPAL CORPORATIONS — *appropriation of county funds.* The corporate powers of a county under township organization can be exercised only by the board of supervisors, which is a *quasi* corporation, and possesses only such powers as are conferred by law.

2. A board of supervisors has no power to appropriate any portion of the county funds to the use or benefit of a circuit judge, as compensation to him in that capacity.

3. INJUNCTION — *when it will be granted.* Where county authorities attempt to appropriate the county funds for such purpose, a court of chancery will afford preventive relief by injunction.

4. SAME — *evasion thereof.* Where a board of supervisors passed an order directing the county clerk to issue an order upon the county treasurer, to a certain person, for a purpose not warranted by law, and the county officers were enjoined from any action in respect thereto, the rescinding of that order by the board of supervisors and passing another of the same character is but an evasion of the injunction, which embraces the second as well as the first order, and any action under the second order would be a contempt of the authority of the court awarding the injunction.

5. In such case, a supplemental bill and another injunction are not necessary to restrain the officers from acting under the second order, but the original bill and injunction would be effective for that purpose.

APPEAL from the Circuit Court of Woodford county; the Hon. M. WILLIAMSON, Judge, presiding.

A statement of the case will be found in the opinion of the court.

Messrs. JOHNSON, HOPKINS & CHITTY, for the appellants.

Messrs. BANGS & SHAW and Mr. A. E. STEVENSON, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

These cases are substantially the same, and will therefore be considered together. The bill, which was first filed, alleges that the board of supervisors had, by resolution of their body, ordered the county clerk to issue a county order on the treasurer, in favor of the judge of the twenty-third judicial circuit, for the sum of three hundred dollars. That Woodford county is embraced in that circuit, and the appropriation was made as a gratuity, and addition to the salary allowed to him by law for discharging the duties of his office of judge, and not for any indebtedness or other consideration. That the appropriation is unlawful, and was made without the knowledge or consent of complainants, who are property owners, citizens and tax payers. The prayer of the bill is, that the county clerk be restrained from issuing, and the county treasurer from paying such an order. A temporary injunction was issued according to the prayer of the bill.

At the December Term, 1865, of the Woodford Circuit Court, the judge of the sixteenth judicial circuit being present, by consent of parties he acted as judge in the case. A motion was entered to dissolve the injunction; and complainants also filed another bill, in which they referred to, and made the first bill an exhibit and adopted its allegations. It alleged, in addition thereto, that the board of supervisors of Woodford county were in session, and had just rescinded the order upon the clerk

to issue the county order on the treasurer for the sum as stated in the original bill, but had at the same time passed another order, directing the county clerk to issue a similar order for the same sum, and for the same purpose as was required by their first order. That these proceedings were intended as an evasion of the injunction previously granted to restrain the county order from issuing or being paid. The bill prayed an injunction to restrain the clerk from proceeding to execute the order of the board. Another injunction was issued in accordance with the prayer of this bill.

The bill states that " John Perry and various other persons whose names are stated as parties complainant to a bill filed in said court by said *Perry and others* v. *Robert B. Hanna et al.*, except Andrew J. Egbert, one of the complainants since deceased, and whose names for the want of time, on account of the urgency of the case, are omitted; but said bill so filed September 29, 1865, is hereby referred to, and the allegations and prayer thereof, appended to the order herein named, and made a part of the bill, the same as if herein fully copied; and in which complainants are now written and prefixed hereto, and which said former bill herein referred to, has since the filing of this bill been copied and placed on file, and is by leave of the court to amend without prejudice to the injunction, marked exhibit ' A.' " A motion was also entered to dissolve the injunction granted under this bill. On a hearing both injunctions were dissolved and the bills dismissed. A decree was rendered against complainants for costs. An appeal is prosecuted to this court for the purpose of reversing the decree.

The court below assigns, in the bill of exceptions, as a reason for dissolving the injunction, that the names of complainants are not sufficiently set out in the bill, although in the court below as well as in this, it is docketed as two, when substantially it is but one. The last bill filed is in the nature of a supplement to the former; and, in the view we take of the case, the supplemental bill was unnecessary. All of the facts which the latter bill contained were set forth in the former, except the effort to evade the injunction. It is a maxim of the

law that a person cannot do indirectly what the law prohibits being done directly. If the board of supervisors had passed an order rescinding the first, and ordered the clerk to issue a similar county order, they would have been in contempt. If the clerk and treasurer had acted under such a second order, they would have also been in contempt, in disobeying the injunction. It is obvious, that such a course would have been a mere shallow pretext by which to evade the injunction. They were all as much prohibited from adopting such a course as they were from acting under the first order of the board of supervisors. And, had the order been issued, it would have been a clear and unwarranted contempt of the authority of the Circuit Court.

The order of the board of supervisors, enjoined, was for the issuing of a county order for a particular sum to a particular person and purpose. The last order was to issue a county order for the same person, for the same sum and for precisely the same purpose. It is not even pretended that the board were not attempting to do the very thing which the injunction prohibited them from doing. Had these officers acted they would have manifestly been in contempt. This second injunction was therefore wholly unnecessary, and the bill under which it was granted was unimportant, and we shall therefore only consider the questions arising under the first bill, as though the second had not been filed.

The question presented under this record is, whether the board of supervisors have the power to appropriate money, to compensate judges of the Circuit Court, for discharging the duties which have been imposed by the Constitution and the law; or whether that body is limited in the levy and collection of taxes, and the appropriation of money from the county treasury to the objects and for the purposes specified by law. Have they or not an unlimited power over the collection of taxes and their appropriation, being governed alone by their discretion, or are they circumscribed in the exercise of those powers to the authority conferred by law? They, as *quasi* corporations, are limited in the exercise of all power to such only as has been conferred by legislative enactment. They are

created by law, and derive their powers from the legislature that brought them into existence. The second section of article thirteen, of the township organization law, declares, that, " No county under this organization shall possess or exercise any corporate powers, except such as are enumerated in this act, or shall be specially given by law, or shall be necessary to the exercise of the powers so enumerated or given." And the fourth section of the same article declares, that the corporate powers of a county acting under the organization law, can only be exercised by the board of supervisors.

Those powers are enumerated in the fourteenth article of the act. It will be observed, that this enumeration relates alone to county affairs. There is not in them the remotest allusion to the administration of justice, the support of courts or the payment of the judiciary. Nor can we, from any law on our statute books, find any such duty imposed or power conferred. And if it has not been given, it cannot be exercised.

In the case of *Colton* v. *Hanchett*, 13 Ill. 615, this court said, that, " The law fixes the compensation and defines the privileges and immunities of county officers ; and they have no right, by the use of county funds, to secure to themselves, or for any other particular class of individuals, immunities not granted by the statute." In the case of *Betts* v. *Menard*, Breese, 395, it was said, in reference to the action of the county commissioners' court that, " A corporate body can act only in the manner prescribed by the act of incorporation which gives it existence. It is the mere creature of the law, and derives all its powers from the act of incorporation, and is incapable of exerting its faculties, only in the manner that act authorizes."

The same principle has been fully recognized and applied in various cases that have arisen in our courts. *Kinzie* v. *The City of Chicago*, 2 Scam. 187; *Fitch* v. *Pinckard*, 4 id. 69; *Petersburg* v. *Metzker*, 21 Ill. 205 ; *Morrison* v. *Minor*, 22 id. 594; *Supervisors of Schuyler County* v. *The People*, 25 id. 181. In the absence of some law authorizing the performance of the act, the board has no power to make such an appropriation. And being unauthorized and illegal, its consummation should

have been restrained. By an unauthorized tax, the citizen is deprived of his property without sanction of law. And bodies created for the discharge of public duties, and to aid in conducting the affairs of counties, have not been intrusted with the power to seize and appropriate the property of the people to any but legal purposes. The inhabitants of the State have been secured in the possession and enjoyment of their property against, as well the officer created by law, as private persons. The former can only exercise power to deprive him of it, in the mode and for the purposes constitutionally authorized by law. If his property may be seized for one illegal purpose it may for another, and all protection ceases. The power to levy and collect taxes is a power to take from the citizen his money, with or without his consent, and when it is attempted to exercise such a power, courts will not hesitate to afford preventive relief. And, as this was an attempt to exercise unauthorized powers and wrongfully to appropriate the money of the citizens of the county, the court below should have overruled the motion to dissolve the injunction. And for this error, the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*