274          · Beauchamp v. Kankakee County *et al.*     [Sept. T.,

Syllabus.     Statement of the case.

# Felix Beauchamp

## *v.*

# The Board of Supervisors of Kankakee County *et al.*

1. Board of supervisors — *appropriations.* The board of supervisors have no authority to appropriate money to a circuit judge for his services.

2. Injunction — *motion to dissolve.* Where a proper case is presented in a bill, an injunction will not be dissolved on the ground of technical inaccuracies in the form of the order directing the writ to be issued.

3. Same — *injunction bond.* An injunction should not be dissolved in the first instance, on the ground of the insufficiency of the bond. If the injunction bond is defective, a reasonable time should be given to amend or file a new one.

4. Same — *practice.* If an injunction bond is defective, the better practice is to retain the injunction, subject to the filing of a new bond, within a reasonable time to be fixed by the court.

5. Damages — *suggestion of, on a dissolution of an injunction.* Where an injunction is dissolved on the ground of the insufficiency of the bond, and a new injunction is immediately asked for, or if the original injunction is retained, and time given in which to file a new bond, a suggestion of damages will not be allowed.

6. If a rule to file a new bond has been made absolute, a suggestion of damages would be proper.

7. The dissolution of an existing injunction for want of a proper bond, followed by an immediate order for a new injunction upon the filing of a new bond, and such bond being filed, would not be such a dissolution as is contemplated by the statute in regard to damages.

Appeal from the Circuit Court of Kankakee county; the Hon. Charles H. Wood, Judge, presiding.

This was a bill in chancery for an injunction, filed in the Circuit Court of Kankakee county, by Felix Beauchamp, the appellant, against the board of supervisors, the county treasurer, the county clerk, and Charles R. Starr, appellees, enjoining the payment of a county order issued to the Hon. Charles R. Starr, for his services as circuit judge.

The injunction was ordered by the Hon. Joseph E. Gary, one of the judges of the Superior Court of Chicago.

At the April Term, A. D. 1867, the defendants filed their motion to dissolve the injunction on the ground of the insufficiency and illegality of the order of the judge directing the writ to issue, and on account of the insufficiency of the injunction bond filed.

The court sustained the motion to dissolve. Thereupon the complainant moved the court for a new injunction, which was denied.

The defendants then filed their suggestion of damages, and introduced evidence as to the value of solicitors' services.

A decree was rendered that the bill be dismissed, and that the defendants have $150 damages for reasonable solicitors' fees.

From this decree the complainant appeals to this court.

The facts sufficiently appear in the opinion.

Mr. C. A. LAKE and Messrs. GLOVER, COOK & CAMPBELL, for the appellant.

Mr. C. R. STARR and Mr. T. P. BONFIELD, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The board of supervisors of Kankakee county, in September, 1866, made an appropriation of $500 from the county treasury to the judge of the Circuit Court of that county for his official services, and ordered the county clerk to issue an order to him on the county treasury for such sum. The order was issued. Thereupon Beauchamp, as one of the tax payers of the county, filed a bill to enjoin its payment, and to enjoin the collection of taxes for that purpose. An order for the injunction was made by one of the judges of the Superior Court of Chicago, and it was issued by the clerk of the Circuit Court of Kankakee county. The defendants appeared and moved to dissolve, for objections taken to the form of the order and to the sufficiency of the bond. The court dissolved the injunction, and at the same time gave the complainant leave to move for a new injunction, which he immediately did. The defendants filed a suggestion of damages, and, in answer to complainant's motion

for another injunction, introduced an affidavit of the defendant, Judge Starr, setting forth, that, since the filing of the original bill, he had bought back the clerk's order from certain persons to whom he had negotiated it, and returned it to the county clerk, with an indorsement to the effect that it was returned to the county, " and would not be received or accepted by the deponent." The court refused another injunction, assessed the defendant's damages at $150 and counsel fees, and dismissed the bill.

That the bill made upon its face a sufficient case for an injunction, is not an open question. We have already decided it in *Perry* v. *Kinnear*, 42 Ill. 160.

Since, then, the complainant was, on the face of his bill, entitled to the relief for which he prayed, the court erred in disposing of the questions before it in the manner above stated. It was wholly immaterial on the motion to dissolve, what technical inaccuracies of form there may have been in the order of the judge directing the injunction to issue. Such informalities would be no reason for recalling the writ, when the bill showed a state of facts that made its issue essential to the attainment of justice. If, however, the order of the court was based on the alleged insufficiency of the bond, it should not have been made absolute in the first instance. At the same time that this decision was announced, the complainant moved for another writ, and the court should have at once allowed this motion, or, what would have been the better practice, should have retained the existing injunction subject to the filing of a new bond, for which a reasonable time should have been allowed, not extending beyond the term. But in either case, whether the court had allowed in form a new injunction, or had retained the old, a sufficient bond being filed, a suggestion of damages should not have been allowed. If the complainant had failed to comply with an order of the court requiring a new bond, and the rule had been made absolute, doubtless a suggestion of damages would have been proper. But he should have had the opportunity of filing such a bond as would meet the views of the court, and if he had done so, no case for damages would

have arisen. The dissolution of the existing injunction for want of a sufficient bond, followed by an immediate order for another upon the filing of a new bond, and by the filing of such bond, would not be such a dissolution as is contemplated by the statute in regard to damages.

The affidavit of Judge Starr, as to the disposition of the county order, showed no reason for refusing a new injunction. It does not state the order has been canceled, or show that taxes might not be assessed for its payment. But, even if it had shown this particular order was canceled, and if the parties were considered by the court as submitting the case for a final disposition upon the bill and this affidavit, the court should not have dismissed the bill, but should have rendered a decree enjoining the collection of a tax under the appropriation of the board of supervisors. Only by such a decree could the parties be advised of their rights. The substance of this case has been sacrificed to form, and the complainant, coming into a court of chancery with perfectly good grounds for relief, and admitted to be so by the subsequent acts of the defendants, is dismissed with a decree against him for one hundred and fifty dollars damages to be paid to the other party, besides the costs for having sought to stay the collection of an illegal tax.

*Judgment reversed.*