JAMES RAYBURN ET AL.

v.

REUBEN L. DAVIS ET AL.

COUNTIES—CARE OF PAUPERS—UNAUTHORIZED AID.—The Ladies' Aid Society of Bloomington contracted a debt for coal given by them to the poor of the city. The debt not being paid, a claim for it was presented against the county, and ordered to be paid by the board of supervisors. *Held*, that counties are restricted by statute to the manner in which the poor shall be cared for; and though the services of the aid society were meritorious and beneficial, they were voluntary, and constituted no charge against the county, and could not be paid without statutory authority

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & POLLOCK, for appellants; argued that, except in extreme cases, a corporation cannot be made liable to an individual for relief given to a pauper, and cited Seagraves v. City of Alton, 13 Ill. 373.

A county is not liable for voluntary services: Board of Com'rs v. Boyle, 9 Ind. 296; People v. Supervisors of Albany, 28 How, 22; Adams v. Supervisors of Columbia, 8 Johns, 323.

The board of supervisors had no power to audit the claim, and their action is void: Board of Supervisors v. Ellis, 59 N. Y. 620.

No claim can be allowed against a county unless it is legally chargeable thereto: Linden v. Case, 46 Cal. 171.

Counties have no corporate power except such as is conferred by law: Perry v. Kinnear, 42 Ill. 160; Beauchamp v. Kankakee County, 45 Ill. 274.

As to the mode provided for support of paupers: Rev. Stat. 1874, 757, §§ 25, 26.

The overseer of the poor alone has power to contract for the support of paupers: Board of Supervisors v. Plant, 42 Ill. 324; Macon County v. Newell, 81 Ill. 387.

Messrs. WILLIAMS, BURR & CAPEN and Messrs. STEVENSON

& EWING, for appellees; contended that the appropriation complained of was within the power of the board of supervisors, and cited Rev. Stat. 1874, 758; Macon County v. Newell, 81 Ill. 387.

That the action of the board was a ratification of the contract, and binding upon the county: People v. Swift, 31 Cal. 26; Mills v. Gleason, 11 Wis. 470; Hasbrouck v. Milwaukee, 13 Wis. 37; Gelpcke v. Dubuque, 1 Wall. 221.

HIGBEE, P. J.   In the winter of 1876–7, the Bloomington Ladies' Aid Society, an organization for the purpose of rendering aid to the poor of the city of Bloomington, was engaged in collecting contributions of money, clothing and provisions, for the use of the poor, and it purchased from the McLean County Coal Co., coal to the amount of $201, which it also distributed among the poor of said city.   Subsequently the Aid Society, not having paid for the coal, presented to the Board of Supervisors of McLean county, a bill for the said sum of $201, and the board ordered the county clerk to draw an order on the treasurer of said county for that amount in favor of the coal company; and thereupon appellants, residents and tax payers, in said county, filed a bill in the Circuit Court of said county for an injunction to restrain defendant, Davis, as county clerk, from issuing, and defendant Stroud, treasurer, from paying said order.   On the hearing in the court below the bill was dismissed, and appellants bring the case here and assign error on the order dismissing said bill.

Counties are created for governmental purposes, and possess only such powers as are conferred on them by law.   They are authorized to levy and collect taxes for county purposes and to pay the same out for the objects and purposes, and in the manner prescribed by law.

The 27th section of chapter 107, R. S. 1874, p. 758, authorizes counties " to make all proper and necessary appropriation out of the county treasury for   *   *   *   the support of the poor, and to cause an amount sufficient for said purpose to be levied upon the taxable property of the county, and collected as other taxes."   Sec. 18 provides in counties under township

organization, the supervisors of the respective towns therein shall be *ex-officio* overseers of the poor of their towns.

Sec. 20. "The overseers of the poor shall have the care and oversight of all such persons in their town or precinct as are unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy or other unavoidable cause, and as are not supported by their relatives or at the county poor house, and shall see that they are suitably relieved, supported and employed, subject to such restrictions and regulations as may be prescribed by the county board."

Sec. 23. "Where any poor or indigent person does not require to be supported wholly by the county, the overseer of the poor may, subject to such limitations as may be prescribed by the county board, render him temporary relief, without his being committed to the care of any such person or sent to the county poor house."

Other sections authorize the county board to establish a county poor house, but the entire oversight of the poor, not committed to the poor house, is committed to the overseers of the poor; they alone are authorized to provide for them, and to bind the county; they are required to report all their actings and doings to the county board. The county board has no power to make appropriations for the support of the poor, or for any other purpose, except in the manner and for the purposes authorized by law. Beauchamp v. Kankakee Co. 45 Ill. 274; Perry et al. v. Kinnear et al. 42 Ill. 160.

Should the overseer of the poor contract for the support of a pauper, the county would be liable, and he alone has authority to perform the duties of his office. The county is not liable to an individual for relief granted to a pauper, until opportunity has been afforded the proper authorities to make provision therefor, except in extreme cases. Seagraves v. City of Alton, 13 Ill. 366.

In this case the coal was sold to the Aid Society, and by it distributed to the poor. The money was not due from the county, nor had the coal been bought on the credit of the county, or by any agent of the county. It was the debt of a third party, for which the county was in no way liable, and we know

of no law which authorizes the board of supervisors to make donations of public money for any purpose.

The power of taxation should be strictly guarded, and can never be exercised without express authority of law. Every dollar appropriated out of the public funds for unauthorized purposes requires an additional levy for county purposes. And it is the right of any tax payer interested to apply to the courts to restrain such payments.

The services rendered by the Ladies' Aid Society, however meritorious and beneficial to the county, were voluntary, and constituted no charge against the county, and under such circumstances no allowance can be made for them out of the county fund without statutory permission or authority therefor. Board of Com'rs v. Boyle, 9 Ind. 297; People v. Supervisors, 22 How., N. Y. 22; Adams v. Supervisors, 8 Johnson, 323; Board of Supervisors v. Ellis, 59 N. Y. 620; Linden v. Case, 46 Cal. 171.

The claim in this case, grew out of the charitable acts of a benevolent society, and appeals strongly to our sympathies, but policy and humanity are dangerous guides to follow, in construing the law. It is our duty to expound and enforce the law, not to make it; that power belongs to the legislative department, and not to the courts. For these reasons the decree dismissing the bill is reversed and the cause remanded.