[Civ. No. 5928. Second Appellate District, Division One.—January 6, 1928.]

MARK F. JONES, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Oliver O. Clark, W. L. Englehardt and Mark F. Jones for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

YORK, J.—The petition for writ of prohibition recites *in haec verba* the affidavit *in re* contempt in the lower court which it is contended by petitioner is insufficient to show any contempt of any order of the trial court in the proceedings wherein it was filed, or at all, and particularly that said affidavit does not show any order of the said Honorable Hugh J. Crawford requiring the petitioner to submit the documents referred to in said affidavit to the inspection of any person. It is also contended by petitioner, but not passed on herein, that the documents referred to in said affidavit as having been refused to the attorney for the defendant were not such documents as were entitled to be inspected by anyone, or subject to an order for inspection by the court without their being particularly identified, or at least more particularly identified than the identification referred to in said affidavit. The affidavit is entitled in the action, *Los Angeles Housing Corporation* v. *J. A. Crowley*, and so far as necessary to be considered herein reads as follows:

"J. A. Crowley, of lawful age, being first duly sworn, on his oath states: That he is the defendant in the above entitled cause; that on the 4th day of November, 1927, he executed and filed in the above entitled cause which was

then on trial in Department 16 of the above-named court, a certain affidavit, being in the words and figures as follows, to-wit:

("Title of Action.)

" 'J. A. Crowley, of lawful age, being first duly sworn, on his oath states, that he is the defendant in the above-entitled cause, trial of which is now being had in Department 16 of the above entitled Court; that Hugh Wilton, President and managing agent of plaintiff, is in possession of the following documents, to-wit:

" '1. Checks numbered Two Thousand to Three Thousand Five Hundred, inclusive, of the Los Angeles Housing Corporation, drawn on the People's National Bank of Los Angeles, California, and the check book stubs corresponding thereto, from which said checks were taken. . . .

" 'That the production of the said books and documents is necessary to a complete defense of the above entitled action by this defendant, and for the discovery of the true facts involved in the trial thereof.

" 'That the checks and stubs mentioned in the paragraph numbered one hereinabove are material for the purpose of enabling the witness Edwin B. Cassady, by an inspection thereof, to state whether or not the said Hugh Wilton, stated to him, the said Cassady, that the checks introduced herein and numbered one to eight inclusive, were drawn and delivered as and for payment of dividends to this affiant, and not as loans. . . .

" 'Wherefore, affiant prays the court for an order compelling the production of the above named books and records by the said Hugh Wilton.'

"That thereafter and on the 4th day of November, 1927, Honorable Hugh J. Crawford, Judge of Department 16 of the above entitled court, granted and filed in his certain Order in the above cause, which said Order is in the words and figures, as follows, to-wit:

" 'Upon the affidavit of J. A. Crowley heretofore filed herein, and the testimony of Hugh Wilton heretofore given herein, and for good cause shown, it is hereby ordered that the said Hugh Wilton produce in court on Monday, November 7th, 1927, at ten o'clock a. m., at the trial hereof, the following books and documents, to-wit:

" '1. Checks numbered Two Thousand to Three Thousand Five Hundred, inclusive, of the Los Angeles Housing Corporation, drawn on The People's National Bank of Los Angeles, California, and the check book stubs corresponding thereto, from which said checks were taken. . . . '

"That copy of said order was served upon the said Hugh Wilton in Los Angeles, California, on November 4, 1927.

"That on Monday, November 7th, 1927, at 10:00 o'clock a. m., in said department 16 of the above entitled Court, at the trial of the above entitled cause, the said Hugh Wilton, in obedience to said Order, produced in open Court, among others, the following documents, to-wit:

"Checks numbered two thousand to three thousand five hundred, inclusive, of the Los Angeles Housing Corporation, drawn on the People's National Bank of Los Angeles, California, and the check book stubs corresponding thereto, from which said checks were taken.

"That thereupon the Honorable Hugh J. Crawford, then and there presiding in the said department 16 of the above entitled Court, on the trial of the above cause, in open court instructed the parties to the above entitled cause with their attorneys, to retire to the Chambers of said Honorable Hugh J. Crawford for the purpose of inspecting the said checks hereinbefore mentioned.

"That thereupon this defendant J. A. Crowley, together with his attorney of record, W. O. Wanzer, and Mark F. Jones, attorney of record for the plaintiff herein, together with Miss E. Taylor, secretary of the plaintiff herein, the said Mark F. Jones and Miss E. Taylor being then and there in possession of said checks, retired to the said Chambers of the said Judge, for the purpose of making such inspection; that after so retiring to said Chambers, W. O. Wanzer, attorney for the defendant, demanded of the said Miss E. Taylor and of the said Mark F. Jones, attorney for the plaintiff, permission to inspect the said checks numbered two thousand to three thousand five hundred, inclusive, but the said Mark F. Jones, then and there wilfully and intentionally refused to permit this affiant, defendant, or his attorney of record, W. O. Wanzer, to inspect all of said checks, and wilfully and intentionally refused to permit the said Miss E. Taylor to allow this affiant, defendant herein, or the said W. O.

Wanzer, attorney for defendant, to inspect all of said checks; that the said Mark F. Jones then and there stated to this affiant, defendant herein, and to the said W. O. Wanzer, that he would exhibit for inspection only such checks as this affiant or the said W. O. Wanzer could and would specifically designate and identify, and that unless such checks as this affiant, or his said attorney, desired to inspect could be specifically identified and described, he, the said Mark F. Jones, would and he did then and there refuse to permit inspection of such checks to be made.

"That the said Mark F. Jones now is and at all times since the filing of the above entitled cause in the above named Court, has been, the attorney of record for plaintiff, Los Angeles Housing Corporation, a corporation, and now is and at all such times has been a duly licensed and practizing attorney at law in the State of California, with offices in the City of Los Angeles, California."

We are treating as true, of course, the statement in the affidavit which states "That thereupon the Honorable Hugh J. Crawford, then and there presiding in the said department 16 of the above entitled Court, on the trial of the above cause, in open court instructed the parties to the above entitled cause with their attorneys, to retire to the Chambers of said Honorable Hugh J. Crawford for the purpose of inspecting the said checks hereinbefore mentioned." By "said checks" is evidently meant certain of the documents contained in the original order as set forth in said affidavit. The record herein does not disclose such to be the fact, but does show that the real order made by the trial court was "All right. We will take it up at half past 10. Proceed with the other case." This following a statement by Mr. Wanzer, the attorney for defendant, "I would like to request at this time that Mr. Cassady be allowed a few minutes time to examine the books that they have brought in."

Conceding, as we must, that the facts are as set forth in the affidavit and not as set forth in the record, we find that the books, documents, and checks set forth were actually brought into open court in accordance with the order of November 4th set forth in the affidavit.

By reason of the fact that the inspection of said checks was not requested to be had in open court, but merely

a private inspection was requested by Mr. Wanzer, as attorney for defendant in the action then pending before the court, or that he was requesting a private inspection by a witness thereof, and by reason of the fact that the petitioners herein are not shown to have ever refused to obey the order of the court to produce, and by reason of the fact that the said order to produce specified that the books, papers, and checks to be brought into court were to be used in the trial of the cause and did not in any way refer to an inspection or order to be made in private by the attorney Wanzer, or by any other person, and that there was no order excepting only the oral order, a general statement of which appears in the affidavit, which oral order has been hereinbefore set forth, and which so-called order is not either a direct or a specific order of the court, as we construe it, to allow a private inspection, *in the absence of the court* of all or any particular part of the private books and papers of the plaintiff corporation, we will have to hold, on the face of the record disclosed by the affidavit, that there is no showing in such affidavit of any violation of an order of the court on the part of the petitioner herein.

In order to give the court jurisdiction to punish for contempt, where the same is alleged to have occurred out of the presence of the judge, the affidavit *in re* contempt must show in a case of this kind a violation of, or a refusal to obey a definite order. This we do not find in the affidavit.

We are not passing upon the question as to whether all the books and papers in general, of a corporation, can be required to be exhibited in open court as was ordered by the court; we are merely and only holding that this affidavit the material parts of which are hereinbefore set forth *in haec verba* does not disclose a violation of any order made by the court, and we can find no allegation of any refusal to obey an order of court anywhere in said affidavit.

The court is, therefore, ordered to desist from proceeding further on the affidavit *in re* contempt hereinbefore set forth. Let the peremptory writ issue accordingly.

For the reasons hereinbefore stated, the demurrer interposed by respondents is overruled.

Conrey, P. J., and Houser, J., concurred.