(125 So. 856)

No. 30223.

**RAY et al. v. PARISH OF RAPIDES.**

Jan. 6, 1930.

Cleveland Dear, Dist. Atty., and A. V. Hundley, Asst. Dist. Atty., both of Alexandria, and Donald Labbe, of La Fayette, for appellant.

John L. Pitts, Jr., and Hawthorn & Stafford, all of Alexandria, for appellees.

ROGERS, J. The Police Jury of the Parish of Rapides, assuming to act under the provisions of Act No. 15 of 1928 (Ex. Sess.), adopted an ordinance levying a tax of one cent a gallon on gasoline for a period of one year, beginning May 1, 1929.

The plaintiffs, twelve in number, citizens and taxpayers, sued the parish, through its police jury, attacking the constitutionality of the legislative act, and, in the alternative, the legality of the ordinance, and seeking to enjoin its enforcement.

After a hearing on a rule nisi, the court below issued a preliminary injunction, and the defendant has appealed.

The plaintiffs allege numerous grounds of unconstitutionality against the statute, which we find it unnecessary to discuss, since our

conclusion is that plaintiffs' alternative demand is well-founded.

The police jury gave public notice that an ordinance levying one cent a gallon on gasoline had been presented, and that it would meet on April 15, 1929, for the purpose of considering the proposed law. A copy of the ordinance was also published as required by the statute. As soon as the notice was given, certain interested parties secured a number of petitions, which were certified by the registrar of voters as being signed by 11.89 per cent. of the registered voters of the parish, requesting that the proposed tax be submitted to the electors. These petitions with the certificate attached were deposited with the clerk of the police jury, and, as a result thereof, all proceedings taken in regard to the proposed tax levy were rescinded by the police jury. The defendant contends that the action of the police jury followed a conference between the representatives of the protesting citizens and taxpayers and a committee of the police jury in which all objections of the opponents to the proposed ordinance were removed. After the police jury had annulled the proceedings relative to the ordinance, the petitions opposing it were returned to the representative of the petitioners.

Later, the police jury gave notice that another ordinance would be considered on July 16, 1929. On that day the attorney of the petitioners appeared before the police jury, and presented in opposition to the new ordinance the petitions that had been previously filed with that body. Several days prior to the date of the meeting, a petition signed by 293 of the persons whose names appeared on the opposing petitions, requesting that their names be erased from their prior petitions, was left with the president and secretary of the police jury. Both petitions were considered as filed in open session by the police jury, and a note to that effect was entered on the minutes. The police jury disregarded the petitions of the opponents, and passed the ordinance. This suit then followed.

The members of the police jury justify their action on the theory that they were vested with discretion under section 6 of Act No. 15, Ex. Sess. of 1928, to determine whether the petitions of the opponents of the ordinance were actually signed by 10 per cent. of the registered voters of the parish. They contend that, in the exercise of their sound discretion, they found the petitions did not contain the requisite number of bona fide signatures, because on their faces they showed many duplications and many names written in the same handwriting; because a number of the petitioners had withdrawn their signatures; and because, further, the certificate of the registrar of voters was defective and not in compliance with the law.

The police jury contends that the certificate of the registrar of voters is defective because it merely certifies that the petitions contain 10 per cent. of the names of the registered voters and not 10 per cent. of the voters themselves. But they are mistaken in their appreciation of the language and effect of the document.

The certificate shows the total number of the registered voters in the parish. It also shows that the petitions certified to contain 1,603 names, and that, after checking the petitions, the registrar found that 1,314 of those names "are duly registered voters" of the parish; and that "this number constitutes 11.89% of the total number of the registered voters of the parish."

The police jury is also in error in assuming that it was within their discretion to disregard the certificate of the registrar of voters, and to determine, for reasons satisfactory to themselves, that the petitions did

not contain 10 per cent. of the total number of registered voters of the parish. There is no such discretion vested in them under section 6 of Act No. 15, Ex. Sess. of 1928, the terms of which are mandatory, reading as follows, viz:

"If on the day set for the consideration of such ordinance a petition, signed by ten (10) per cent. of the total number of registered voters in the parish, be filed with the Secretary of the Police Jury requesting that the proposed levy of such gasoline tax be submitted to a vote of the electors, the Police Jury shall not have authority to adopt such ordinance until empowered by a majority vote of the qualified electors of the parish, as hereinafter provided."

The registrar of voters is the lawful custodian of the registration rolls, and therefore she was the proper person or official to determine, at least prima facie, whether the objecting petitioners constituted 10 per cent. of the registered voters of the parish. The presumption of law is that the facts certified to by the registrar of voters as appearing from the records of her office were correct, and that presumption must stand until it is rebutted by affirmative evidence of its incorrectness, adduced on the demand of the proper party or parties before the proper tribunal. Certainly the police jury was not authorized of its own motion to disregard the official act of the registrar of voters on the ground that it was incorrect, or on the ground that it had become vitiated by the happening of a subsequent event, i. e., the alleged withdrawal from the petitions of a number of their signers.

The duty of the police jury under sections 6 and 7 of the Act No. 15, Ex. Sess. of 1928, upon receipt of the petitions prima facie signed by more than 10 per cent. of the registered voters of the parish requesting that the proposed tax be submitted to a vote of the

electors, was to refrain from the adoption of the ordinance unless and until it was authorized so to do by the electors at a regular or special election held not less than 30 days, nor more than 3 months, from the date of the filing of the petitions.

Our conclusion is that the ordinance complained of by the petitioners was illegally adopted, and that the preliminary injunction against its enforcement correctly issued.

For the reasons assigned, the judgment appealed from is affirmed.