**(128 So. 663)**

## RAY et al. v. PARISH OF RAPIDES.

### In re RUSH et al.

No. 30576.

May 5, 1930.

Cleveland Dear, Dist. Atty., A. V. Hundley, Asst. Dist. Atty., and Hakenyos, Provosty & Staples, all of Alexandria, for applicants.

Hawthorn, Stafford & Pitts, of Alexandria, for respondents.

ST. PAUL, J.

This is the aftermath of the case of Ray et al. v. Parish of Rapides, decided by this court on January 6, 1930, 169 La. 691, 125 So. 856. The parish of Rapides had attempted to levy a one-cent tax on gasoline under the provisions of Act No. 15 of 1928 (Ex. Sess). The police jury was presented with a protest purporting to be signed by more than 10 per cent. of the registered voters of the parish, which, under said law, required that the question of levying said tax should in such cases be submitted to the voters of said parish. The police jury undertook to strike from said protest certain names, sufficient to reduce the number below the required 10 per cent., and then proceeded to make said levy.

They were met by an injunction in the court below, which on appeal to this court was affirmed, with very explicit instructions in the course of the opinion that said ordinance should not be enforced, unless submitted to the voters of the parish or unless in a proper proceeding before a proper court a sufficient number of names signed to said protest should be stricken therefrom as to reduce the number of names below 10 per cent.

The police jury did not take any steps to submit the matter to the voters; but it did take some steps to strike certain names from the protest.

However, before that case was decided, and within eight days after the judgment of this court, to wit, on January 14, 1930, the police jury gave notice that on February 18, 1930, it would adopt a new ordinance levying such tax.

To this new ordinance no formal protest was made, but the explanation may be that the registration list had expired on December 31, 1929. Act No. 122 of 1921 (Ex. Sess.), § 15. However, the protestants against the former ordinance did protest against it through their attorneys, and threatened the police jury with contempt proceedings, should they pass the ordinance.

None the less the police jury did on February 18th adopt the new ordinance levying the tax and repeal the old ordinance, which up to that moment was still in litigation.

Thereupon the police jurors were ruled into the district court for contempt, and the trial judge found them guilty of a technical contempt of court, and fined them each $1; wherefore they applied to this court for writs of certiorari and prohibition, which were granted and are now before us.

I.

■ In our opinion, as well as in the opinion of the district judge, the police jurors were in good faith in believing that

they could act as they did; that is to say, repeal the old ordinance and adopt a new one in its place. Somewhere in the evidence it appears that they thought this was the only thing they could do to unravel a complicated situation, because more than three months had passed since the protest, or petition to submit the matter to the voters, had been submitted to the police jury, whereas the act (section 7) provides that said submission to the voters shall be made within three months after receipt of said petition. But this is an error; manifestly the pendency of litigation over the ordinance suspended that delay, so that the three months begin to run only from the time when litigation ceases. And moreover, under the same section the question to be submitted to voters is not whether a particular ordinance, or a levy for any particular year, be authorized, but "Shall the Police Jury * * * be authorized to levy a tax of one cent per gallon * * * in accordance with Act (No. 15 of 1928, Ex Sess.)?" And that act authorizes a tax "from year to year." Section 1.

In other words, the question to be submitted to the voters is, not whether a tax for any particular year shall be authorized, but whether or not the police jury shall be authorized to levy such a tax from year to year. This is made clear by the final clause of section 8, which says clearly enough that, if the tax is once voted for by the electors, the provision for public notice shall no longer be applicable.

So that, reading the act as a whole, the meaning thereof is that the police jury may levy the tax each year if no protest be made after public notice; but, if protest be made, the matter shall be submitted to the voters. And, if the matter be once submitted to the voters and approved by them, then the police jury shall thereafter be authorized to levy the tax from year to year without further formality.

## II.

Reading the act in that way, we think the police jurors were guilty of a technical contempt in repealing the old ordinance and substituting a new one in its place.

It was the plain duty of the police jury, both under the act and under the decision of this court, not to proceed further with the enforcement of the tax without submitting the matter to the voters of the parish. What the law was concerned with, and what this court was concerned with, was the substance of the matter involved and not the form thereof. It made no difference to the lawmaker or to the court under what ordinance the tax might be enforced, but it did make a difference to the lawmaker, and it did make a difference to the court, whether after a protest against the tax it should thereafter be enforced without being submitted to the voters.

When the police jury repealed the former ordinance which had been enjoined, and then immediately passed a new ordinance imposing the very same tax, it proceeded to do the very thing which the law and the court meant to forbid. And it makes no difference what phraseology was used, for to forbid the enforcement of the former ordinance on the ground that the matter should be submitted to the voters was simply to forbid the levy of the tax until the matter had been so submitted. And to pass a new ordinance to accomplish the same end as the former ordinance was simply to enforce the former ordinance.

As the trial judge has well said, if it be competent to defeat the injunction against the former ordinance by the adoption of the new

one, then it would be competent to defeat an injunction against the new ordinance by the adoption of a third; and so ad infinitum until the protestants should be worn out and give up.

And whilst we cheerfully acquit the police jurors of any such intent, nevertheless the court must maintain its right to see that its judgments remain effective and not set at naught.

Decree.

The judgment of the court below is therefore affirmed.