No. 3827

Second Circuit

POLICE JURY OF RAPIDES PARISH v. JENNINGS ET AL.

(June 2, 1930. Opinion and Decree.)

Cleveland Dear and A. V. Hundley, of Alexandria, attorneys for plaintiff, appellant.

B. F. Thompson, Jr., of Alexandria, attorney for defendants, appellees.

ODOM, J. Under Act No. 15 of the Extra Session of the Legislature of 1928, parishes of the state, except the parish of Orleans, are authorized to levy a tax of one cent per gallon on gasoline for road purposes. Following the method prescribed by the act, the police jury of Rapides parish prepared an ordinance levying such tax and had it published in the official journal, and gave notice that it would consider the passage of the ordinance on a certain date. On the day before the ordinance was to be taken up for consideration, petitions protesting the levying of such tax and asking that the police jury submit the proposition to the voters were presented to the police jury, together with a certificate of the registrar of voters certifying that these petitions were signed by more than 10 per cent of the registered voters of the parish.

At the same time these protesting petitions were filed with the police jury, there were others presented, signed by 293 of those who had signed the protesting petitions asking that their names be stricken therefrom.

Under section 6 of said act, a police jury has no authority to adopt such ordinance when opposed by 10 per cent of the registered voters of the parish. When the police jury convened to consider the passage of the ordinance, it had before it both petitions and considered both, and it was found that by erasing the names of those who desired to withdraw from the protesting petitions, the number left did not constitute 10 per cent of the registered voters of the parish and it proceeded to pass the ordinance. Injunction proceedings were brought against the parish (see Ray et al. vs. Parish of Rapides, 169 La. 691, 125 So. 856, 858) and the court held that "the police jury was not authorized of its own motion to disregard the official act of the registrar of voters on the ground that it was incorrect, or on the ground that it had become vitiated by the happening of a subsequent event, i. e., the alleged withdrawal from the petitions of a number of their signers." And held further that "the presumption of law is that the facts certified to by the registrar of voters as appearing from the records of her office were correct, and that presumption must stand until it is rebutted by affirmative evidence of its incorrectness, adduced on the demand of the proper party or parties before the proper tribunal."

The purpose of the present suit brought by the police jury is to have stricken from the protesting petitions the names of those who withdrew subsequent to the date on which the registrar of voters made her certificate and prior to the date on which the petitions were filed with the police jury, and to have it decreed that said pro-

testing petitions did not as a matter of fact contain the names of 10 per cent of the registered voters on the date fixed for the consideration of the ordinance.

The lower court held that any of the voters who had signed the protesting petitions had a right to withdraw their names therefrom previous to the date set for acting on the ordinance, and it ordered sixty-six names erased, and the ruling to that effect is conceded to be correct. The effect of the court's ruling that these voters had a right to withdraw and did withdraw their names from the protesting petitions is that the petitions should be considered as though the names of the voters who withdrew had never been signed to them. The petitions signed by the protesting voters were presented to Mrs. David, the registrar of voters, and she found that they were signed by more than 10 per cent of the registered voters of the parish and she made her certificate to that effect on April 13th, and her certificate as of that date was the one which was before the police jury on July 16th, when it convened to consider the ordinance.

In making her certificate, the registrar took into consideration only the total number of registered voters and the total number of those who signed the protesting petitions. She certified the facts as she found them on April 13th. On the trial of the case, Mrs. David testified that if sixty-six names were stricken from the protesting petitions, as presented to her on April 13th, those petitions would have contained less than 10 per cent of the registered voters of the parish. Subsequent to the date on which she made her certificate, sixty-six persons withdrew from the petitions, and it was held that they had a right to withdraw. It therefore follows that the certificate made on April 13th, while being correct as of the date made, did not show the real situation as it existed on July 16th, after the withdrawals.

Under section 6 of the act, a police jury is not authorized to act "if on the day set for the consideration of such ordinance" petitions protesting the levying of such tax, signed by 10 per cent of the voters, were filed with it. Conditions as they existed on the date set for the hearing control.

The presumption that the registrar's certificate showed the facts as they existed on July 16th has been rebutted by affirmative evidence to the contrary adduced in the proper tribunal on the demand of the proper party. While the police jury was not authorized of its own motion to disregard the official act of the registrar of voters, it has been shown by this suit that the registrar's certificate became "vitiated by the happening of a subsequent event"; that is, the withdrawal from the petitions of a number of signers.

The police jury asked that the court decree that the petitions as they were presented on July 16th contained the names of less than 10 per cent of the voters. The district judge refused to so decree on the ground, so we are informed by plaintiff's counsel, that Ray et al., who were plaintiffs in the former suit, were not made parties to this suit. The suit in which they were parties is long since final and has no connection with present litigation. They were not necessary parties to this suit.

It is therefore ordered that the judgment appealed from be amended to the extent of decreeing that the protesting petitions contained less than 10 per cent of the registered voters of the parish when presented to the police jury on July 16, 1929; and as thus amended, it is affirmed.